UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Resorts World Las Vegas LLC, | Case No.: 2:21-cv-02218-JAD-VCF |
| Plaintiff | |
| v. | **Order Adopting Report & Recommendation and Entering Default** |
| Rock Fuel Media, Inc., | [ECF No. 49] |
| Defendant | |

California corporation Rock Fuel Media, Inc. alleges that it pitched its idea for a betting application to Delaware corporation Resorts World Las Vegas LLC and that Resorts World later appropriated Rock Fuel's idea to develop a similar app without Rock Fuel.[1] Resorts World sues Rock Fuel, seeking declarations that Resorts World did not misappropriate Rock Fuel's trade secrets, infringe its copyright, or breach their mutual non-disclosure agreement.[2] Rock Fuel countersues for breach of contract, unjust enrichment, and violation of Nevada's Uniform Trade Secrets Act.[3] After Rock Fuel's counsel moved to withdraw, the magistrate judge ordered that a Rock Fuel officer, director, or managing agent appear for a hearing in February of this year.[4] Rock Fuel no-showed, and the magistrate judge ordered it to find counsel and make an appearance by March 27th or risk entry of default.[5] When that date passed without Rock Fuel doing anything, the magistrate judge issued a report and recommendation for default.[6]

---

[1] ECF No. 1 at ¶¶ 16–24 (complaint); ECF No. 11 at ¶¶ 18–21 (countercomplaint).
[2] ECF No. 1 at ¶¶ 25–45.
[3] ECF No. 11 at ¶¶ 71–92.
[4] ECF No. 45; ECF No. 46 at 1.
[5] ECF No. 48; ECF No. 51 at 4:23–5:2.
[6] ECF No. 49 at 1–3.

Rock Fuel now objects, contending that, "due to the ongoing banking and financial situation, it has been unable to secure legal representation in a timely manner because financing has been delayed," and it "requests an additional extension of 60 days to find new legal representation."[7]  Because I find that the factors that courts must analyze in assessing whether an entry of default is proper weigh in favor of entering one, I overrule its objections, adopt the report and recommendation, and enter default in favor of Resorts World.

## Discussion

When a party objects to a magistrate judge's report and recommendation on a dispositive issue, the district court must conduct a de novo review of the challenged findings and recommendations.[8]  The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," "receive further evidence," or "recommit the matter to the magistrate judge with instructions."[9]

The court has the "inherent power to control [its] docket."[10]  That power permits the court to "impose sanctions including, where appropriate, default or dismissal."[11]  The Ninth

---

[7] ECF No. 50 at 1.  Rock Fuel styles its filing as a motion to vacate default judgment but self-corrects in its reply and recognizes that its arguments are objections.  ECF No. 53 at 2.  Indeed, no default—let alone a default *judgment*—has yet been entered.

[8] Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B); Local Rule IB 3-2(b) (requiring a district judge to review de novo only the portions of a report and recommendation addressing a case-dispositive issue that a party objects to).

[9] 28 U.S.C. § 636(b)(1).

[10] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[11] *Id.*; *see also* Fed R. Civ. P. 16(f) ("[T]he court may issue any just orders . . . if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order."); Fed R. Civ. P. 41(b) ("If the plaintiff fails . . . to comply with these rules or a court order, a defendant may move to dismiss the action."); L.R. 11-8 (noting that "[t]he [c]ourt may, after notice and an opportunity to be heard, impose any and all sanctions on an attorney or party" who fails to appear for pretrial conference, prepare for a presentation to the court, or comply with the local rules or court order).

Circuit has repeatedly upheld such sanctions for a party's "failure to comply with pretrial procedures mandated by local rules and court orders."[12] But, before imposing those "severe remed[ies]," the court must weigh the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.[13]

    The first two factors weigh in favor of entering default, as Rock Fuel's "dilatory conduct" and failure to follow court orders has "greatly impeded resolution of the case."[14] Indeed, Rock Fuel failed to appear for the February hearing on its counsel's motion to withdraw even though the magistrate judge ordered an officer, director, or managing agent to appear in person.[15] And, though the magistrate judge then gave Rock Fuel more than a month to find new counsel and make an appearance, Rock Fuel has failed to comply[16]—in contravention of the rule that corporations must be represented by counsel.[17] Rock Fuel contends in its objection that it just needs "an additional extension of 60 days to find new legal representation."[18] But more than 60 days have passed since that April 7 filing, and no new attorney has appeared for Rock Fuel. So the public's interest in resolution of this case and the court's docket-management needs weigh in favor of a default entry.

---

[12] *Thompson*, 782 F.2d at 831.
[13] *Id.*
[14] *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987).
[15] ECF No. 49 at 1.
[16] *Id.*
[17] *See In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994).
[18] ECF No. 50 at 1.

So does the prejudice factor. Rock Fuel's first attorney filed an emergency motion to withdraw in October of last year, and its second attorney followed suit just over four months later.[19] This consistent churn requires each new attorney to get up to speed on discovery and other issues in the case, which delays Resort World's "ability to go to trial" and "interfere[s] with the rightful decision of th[is] case."[20] Rock Fuel's justification for its noncompliance—"financial difficulty in producing counsel" due to some vague "ongoing financial and banking situation"[21]—falls short: it failed to seek an extension or justify its delay by the time the magistrate judge set for an appearance, and its failure to find counsel in the last 60 days despite its request for a 60-day extension suggests a lack of diligence or a permanent inability to secure counsel.[22]

Finally, the fifth factor, focusing on the availability of less drastic sanctions, also weighs in favor of default because Rock Fuel was warned that failure to comply with the magistrate judge's order would result in default being entered against it.[23] Despite this warning and the magistrate judge's recommendation, Rock Fuel still has not retained counsel.

I recognize that the fourth factor—public policy favoring disposition of cases on their merits—cuts against entry of default. But Rock Fuel's continued failure to retain counsel despite court orders casts doubt on whether this case could ultimately be determined on its merits. And I

---

[19] ECF No. 30; ECF No. 45.

[20] *Malone*, 833 F.2d at 131.

[21] ECF No. 50 at 3.

[22] *See Malone*, 833 F.2d at 131 (affirming the district court's rejection of "the excuse that [the party] lacked the financial resources to comply with the pretrial order").

[23] ECF No. 51 at 4:23–5:2; *see id.* ("[T]he case law suggests that warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the 'consideration of alternatives' requirement.").

find that this public policy alone is not weighty enough to prevent entry of default against Rock Fuel.  In total and on balance, these factors favor entering default against Rock Fuel, so I overrule its objections and adopt the magistrate judge's report and recommendation in its entirety.[24]

**Conclusion**

IT IS THEREFORE ORDERED that Magistrate Judge Ferenbach's report and recommendation **[ECF No. 49] is ADOPTED**.  The Clerk of Court is directed to **STRIKE Rock Fuel's answer and counterclaim [ECF No. 11]** and **ENTER DEFAULT** against it.

Rock Fuel is cautioned that any future filings on its behalf by anyone but counsel who is licensed to practice before this court will be stricken without further prior notice.

_____
U.S. District Judge Jennifer A. Dorsey
June 12, 2023

---

[24] Rock Fuel cites a Massachusetts state-court opinion to argue that "[c]ourts have an affirmative duty to take those steps that are necessary to ensure competent representation to a [d]efendant, including granting a [m]otion to [c]ontinue the [t]rial" and a Seventh Circuit opinion for the proposition that "a lawyer's failure to seek a [c]ontinuance when necessary was found to be 'grossly incompetent' in violation of the Sixth Amendment."  ECF No. 53 at 3 (citing *Com. v. Carsetti*, 760 N.E.2d 785, 787 (Mass. 2002); *U.S. ex rel. Williams v. Twomey*, 510 F.2d 634, 640 (7th Cir. 1975)).  But these cases rely on the Sixth Amendment's right to effective assistance of counsel for criminal defendants, and there is "no constitutional right to counsel in a civil case." *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 801 (9th Cir. 1986).