# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Resorts World Las Vegas LLC, | Case No.: 2:21-cv-02218-JAD-VCF |
| Plaintiff/Counterdefendant | |
| v. | **Order Granting Defendant's Motion to Set Aside Default, Reviving Defendant's Answer and Counterclaims, and Denying as Moot Plaintiff's Motion for Default Judgment** |
| Rock Fuel Media, Inc., | |
| Defendant/Counterclaimant | [ECF Nos. 62, 71, 72, 74] |

Rock Fuel Media, Inc. alleges that it pitched its idea for a betting application to Resorts World Las Vegas LLC and that Resorts World later appropriated Rock Fuel's idea, developing a similar app on its own.[1] Resorts World sues Rock Fuel, seeking declarations that Resorts World did not misappropriate Rock Fuel's trade secrets, infringe its copyright, or breach their mutual non-disclosure agreement.[2] Rock Fuel countersues for breach of contract, unjust enrichment, and violation of Nevada's Uniform Trade Secrets Act.[3]

But two different law firms previously withdrew from representing Rock Fuel. In February 2023, after Rock Fuel's second counsel withdrew, Magistrate Judge Ferenbach ordered Rock Fuel to find new counsel within 30 days and warned it that he would recommend default as a sanction if it couldn't find a lawyer by that deadline.[4] On March 27, 2023, after that deadline passed without an appearance from new counsel, Judge Ferenbach recommended default.[5] I

---

[1] ECF No. 1 at ¶¶ 16–24 (complaint); ECF No. 11 at ¶¶ 18–21 (countercomplaint).

[2] *Id.* at ¶¶ 25–45.

[3] ECF No. 11 at ¶¶ 71–92.

[4] ECF No. 51 (hearing transcript).

[5] ECF No. 49.

adopted that recommendation, finding that Rock Fuel failed several times to comply with court orders to find counsel, "cast[ing] doubt on whether this case could ultimately be determined on the merits."[6]  With default entered against Rock Fuel, Resorts World promptly moved for default judgment.[7]

Rock Fuel has now retained counsel for the sole purpose of moving to set aside the default and opposing Resorts World's motion for default judgment.[8]  Rock Fuel contends that it "has been in contact with a firm that is willing to evaluate Rock Fuel's case and take it on a contingency basis."[9]  So it requests that the default be set aside so that the case can be determined on its merits.[10]  Resorts World opposes, contending that Rock Fuel still hasn't found counsel to pursue its defense or counterclaims on the merits and that it hasn't shown good cause to excuse the default that was entered as a sanction for its repeated failure to obtain counsel.[11]  But because Rock Fuel has shown that Resorts World will not be prejudiced by giving it one more chance to find counsel, it has a meritorious defense on its face, and it did not delay in bad faith, I vacate the default on the condition that Rock Fuel must find and have counsel enter an appearance on its behalf within 60 days of entry of this order.  If Rock Fuel does not, or if it again loses counsel and cannot replace it within 30 days of any future withdrawal, I will reinstate the default and consider a renewed motion for default judgment.

---

[6] ECF No. 54 at 4.

[7] ECF No. 62.

[8] *See* ECF No. 71 at 3.  In the same motion, filed three times to comply with this district's local rule that counsel must file a separate motion for each type of relief sought, L.R. IC 2-2(b), Rock Fuel also seeks an extension of time to oppose Resorts World's default-judgment motion, and it includes a response to that motion in case that extension is granted.  ECF No. 72; ECF No. 73.

[9] *Id.*

[10] *Id.*

[11] ECF No. 78.

**Discussion**

**A.      Standard for setting aside default**

Federal Rule of Civil Procedure (FRCP) 55(c) allows a court to "set aside an entry of default for good cause."[12]  The court has "especially broad" discretion to set aside default, and appellate courts will not disturb a court's decision to set aside default "unless it was clearly wrong in its determination of good cause."[13]  "To determine good cause, a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party."[14]  The defendant bears the burden of showing that these factors weigh in favor of setting aside default.[15]  A finding "that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default."[16]  However, the Ninth Circuit has cautioned that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits."[17]

---

[12] Fed. R. Civ. P. 55(c).

[13] *O'Connor v. State of Nevada*, 27 F.3d 357, 364 (9th Cir. 1994).

[14] *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).  Resorts World suggests that this FRCP 55(c) standard may not apply here because default was entered as a sanction for Rock Fuel's failure to comply with court orders requiring that it find counsel.  *See* ECF No. 78 at 3, lines 11–15.  But Resorts World doesn't cite any authority for the proposition that this default should be treated differently than any other.  And FRCP 55 applies to defaults entered against a party that "has failed to plead or otherwise defend"—it doesn't only apply to the common instance in which a defendant fails to appear in the suit at all.  *See* Fed. R. Civ. P. 55(a).  So I consider the factors outlined in binding Ninth Circuit precedent.

[15] *Franchise Holding II, LLC v. Huntington Rest. Grp.*, 375 F.3d 922, 926 (9th Cir. 2004).

[16] *Mesle*, 615 F.3d at 1091.

[17] *Id.* (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

1       **1.      *Rock Fuel has not engaged in culpable conduct.***

2       To treat a failure to defend as culpable, the party seeking to set aside default "must have

3  acted with bad faith."[18]  The Ninth Circuit has "typically held that a defendant's conduct was

4  culpable for purposes of the good[-]cause factors where there is no explanation of the default

5  inconsistent with a devious, deliberate, willful, or bad[-]faith failure to respond."[19]  Courts also

6  consider whether the defendant evinced "an intention to take advantage of the opposing party,

7  interfere with judicial decisionmaking, or otherwise manipulate the legal process" when it failed

8  to defend its case.[20]

9       Rock Fuel contends that it did not act in bad faith because it was diligent in attempting to

10 find an attorney but simply could not afford one.  Rock Fuel's president Barry Summers submits

11 a declaration asserting that he "reached out to no less than 15 law firms" but several had conflicts

12 of interest, several wouldn't take a case in default, others wouldn't accept a contingency-fee

13 arrangement, and others had heavy caseloads.[21]  He also acknowledges that this is a "complex

14 matter in which much discovery has already taken place and requires a firm capable of handling,

15 on such short notice, complex commercial litigation, gaming law, and intellectual property"—in

16 short, convincing a firm to take up Rock Fuel's defense has been a tough sell.[22]

17      Resorts World responds that Rock Fuel is a "legally sophisticated party," triggering a less

18 stringent standard to show that Rock Fuel is culpable for the default.[23]  "When considering a

19

20 _____

   [18] *Id.* at 1092.

21 [19] *Id.* (cleaned up).

   [20] *Id.*

22 [21] ECF No. 76-3 at ¶ 8.

23 [22] *Id.* at ¶ 3.

   [23] ECF No. 78 at 15.

legally sophisticated party's culpability in a default, an understanding of the consequences" and the intentionality "of its action may be assumed."[24]  Resorts World contends that, because Rock Fuel "is an apparently successful entertainment production company" and has "previously consulted with and retained two different law firms" in this case, it should be considered a legally sophisticated party.[25]  Rock Fuel responds that the standard applies only to requests to vacate a default *judgment*, not to those seeking to set aside a default, citing noncontrolling cases from this district as support.[26]

Resorts World hasn't shown that the legally sophisticated-party standard should apply here.  That standard is commonly utilized when attorneys or defendants who have previously been involved in litigation fail to appear in a case at all, despite knowing that they cannot simply ignore a lawsuit.[27]  That isn't the situation here.  Rock Fuel immediately retained counsel when served with Resorts World's complaint but simply couldn't afford to keep that counsel.  And the Ninth Circuit has cautioned against treating a defendant that "is not a lawyer and . . . was unrepresented at the time of default" as legally sophisticated.[28]  So I instead apply the bad-faith standard.

---

[24] *Mesle*, 615 F.3d at 1093.

[25] ECF No. 78 at 15.

[26] *See* ECF No. 82 at 9 (citing *Wells v. Glob. Tech. Indus. Inc.*, 2022 WL 4819386, at *4 (D. Nev. Sept. 30, 2022) (noting that "many cases within the Ninth Circuit [that] examined a sophisticated attorney's potential culpability concerned motions to set aside a default judgment under Rule 60(b)," which is "governed by a stricter standard than motions to set aside a clerk's entry of default").

[27] *See, e.g.*, *Direct Mail Specialists, Inc. v. Eclat Computerized Servs.*, 840 F.2d 685, 690 (9th Cir. 1988) (noting that the defendant was "a lawyer, presumably . . . well aware of the dangers of ignoring service of process"); *Franchise Holding II*, 375 F.3d at 924 (finding culpability when notice of action was received by counsel of the company that later moved to set aside default).

[28] *Mesle*, 615 F.3d at 1093.

Rock Fuel has presented evidence that it has been reasonably diligent in attempting to find and keep counsel.  And Resorts World does not present any competing evidence or argument that Rock Fuel's failure to replace counsel by the magistrate judge's deadline was done in bad faith.  So I conclude that Rock Fuel did not act with the intent to take advantage of Resorts World or interfere with the legal process when it defaulted.  This factor thus favors Rock Fuel.

### 2.    Rock Fuel has shown that it has a meritorious defense.

"All that is necessary to satisfy the meritorious defense requirement is to allege sufficient facts that, if true, would constitute a defense: the question whether the factual allegation is true is not to be determined by the court when it decides the motion to set aside a default."[29]  That determination should remain the subject of further litigation.[30]  Rock Fuel has satisfied that requirement here.  It has alleged that its sports-betting app constitutes a trade secret and has supplied an expert report supporting that allegation.  It has also alleged that Resorts World wrongfully disclosed Rock Fuel's trade secret when it modeled its app after Rock Fuel's in violation of the parties' nondisclosure agreement.[31]  It attaches this agreement to its motion.  Resorts World contends that discovery has not borne out Rock Fuel's allegations.  But I cannot consider Resorts World's competing view of the facts at this procedural posture.  That task is for summary judgment, or for a determination of default judgment if Rock Fuel again cannot find counsel.  Rock Fuel has met the minimal burden to show that it has a meritorious defense at this stage, so this factor weighs in its favor.

---

[29] *Mesle*, 615 F.3d at 1094.

[30] *Id.*

[31] *See* ECF No. 74 at 7 (sealed).

### 3.   *Resorts World has not shown that it would suffer prejudice if Rock Fuel gets one more chance to retain counsel.*

To constitute prejudice under Rule 55(c)'s good-cause standard, "the setting aside of a [default] must result in a greater harm than simply delaying resolution of the case."[32]  The standard instead asks "whether [plaintiff's] ability to pursue [its] claim will be hindered."[33] Resorts World claims that I already resolved this factor in its favor when I entered default as a sanction.  In my prior order, I indeed found that Rock Fuel's inability to retain counsel "delays Resorts World's ability to go to trial and interferes with the rightful decision of this case."[34]  But that finding of prejudice is clearly insufficient under the Rule 55(c) standard, and Rock Fuel has given assurances that it has been in contact with counsel who may be able to represent it.  At this point, giving Rock Fuel one more chance to retain and keep counsel will only delay resolution of this case and will not prejudice Resorts World in any other way.  So this factor also weighs in Rock Fuel's favor.

### B.   Setting aside default is conditioned on Rock Fuel finding—and keeping—counsel.

Because I find that the factors weigh in favor of setting aside default, I vacate the default in this case, revive Rock Fuel's answer and counterclaims, and deny as moot Resorts World's default-judgment motion.  But I do so with two important conditions:[35] (1) Rock Fuel **must** find counsel willing to represent it on the merits of its claims **within 60 days of this order**, and (2) if

---

[32] *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), *overruled on different grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001).

[33] *Falk*, 739 F.2d at 463.

[34] ECF No. 54 at 4 (quotations omitted).

[35] Courts may impose conditions when setting aside default to rectify "any prejudice suffered by the non-defaulting party" and "promote the positive purposes of the default procedures without subjecting either litigant to their drastic consequences."  *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1546 (9th Cir. 1988).

Rock Fuel again loses counsel at a later date in this case, I will give it no more than **30 days** to find new attorneys.  If Rock Fuel fails to meet either of these conditions, I will reenter default, and Resorts World may renew its motion for default judgment.  This condition adequately addresses the primary reason that this case has languished and ensures that Rock Fuel's inability to retain counsel will not further delay this litigation.  I decline to condition vacating default on Rock Fuel's payment of Resorts World's attorneys' fees as Resorts World requests because I do not find that the circumstances here are egregious enough to warrant that sanction at this time. But if this case again stops short of a merits decision because of Rock Fuel's lack of counsel, Resorts World is free to seek such relief as a sanction for failing to comply with further court orders.

**Conclusion**

IT IS THEREFORE ORDERED that Rock Fuel's motion to set aside default **[ECF Nos. 71, 74] is GRANTED**.  Rock Fuel must hire and have counsel enter a notice of appearance within 60 days of this order; and if Rock Fuel loses counsel after that point, it must replace its attorney within 30 days of any such withdrawal.  **If Rock Fuel fails either of these conditions, the court will automatically reenter default against Rock Fuel and Resorts World may renew its motion for default judgment**.

The Clerk of Court is directed to **SET ASIDE the Clerk's entry of default [ECF No. 58] and REVIVE Rock Fuel's stricken answer and counterclaims [ECF No. 11]**.

IT IS FURTHER ORDERED that Resorts World's motion for default judgment **[ECF No. 62] is DENIED**.

IT IS FURTHER ORDERED that Rock Fuel's alternative motion to extend time to file an opposition to Resorts World's motion for default judgment **[ECF No. 72] is DENIED as moot**.

_____

U.S. District Judge Jennifer A. Dorsey

December 18, 2023