# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Resorts World Las Vegas LLC, | **2:21-cv-02218-JAD-MDC** |
| Plaintiff(s), | |
| vs. | **Order** |
| Rock Fuel Media, Inc., | |
| Defendant(s). | |

The *Amended Stipulated Discovery Plan and Scheduling Order* ("Stipulation") (ECF No. 89) is denied without prejudice. The parties caption the Stipulation as "First Amended Discovery Plan and Scheduling Order." The Stipulation requests to extend the discovery deadlines and suggested this is the parties "first" request for extension. However, this is not the parties "first" request for extension or amended discovery plan. The parties' have previously filed and obtained: First Amendment and Request for Extension (ECF No. 23); Second Amendment and Request for Extension (ECF No. 33); and Third Amendment and Request for Extension (ECF No. 44). The parties did not identify these prior extensions in their current stipulation (ECF No. 89). LR IA 6-1(a) places the responsibility on the parties to advice the Court of prior discovery proceedings. It provides, that a "stipulation to extend time…must inform the court of all previous extensions of the subject deadline the court granted." *Id.* The parties did not comply with LR IA 6-1(a).

While the Court understands that defendant has changed counsel numerous times, it is also concerned about the duration of this case and the various delays. This matter has been pending for over three years. The parties' current Stipulation (ECF No. 89) does not provide sufficient information to allow the Court to sufficiently consider the parties' proposed schedule and whether the Court's intervention may be necessary to assist the parties in timely completing discovery without further delays. For example, it appears that significant amount of discovery has already been completed. The Court's 12/18/23 *Order*

*Granting Defendant's Motion to Lift Default* states that defendant's president, Barry Summers, acknowledges that "much discovery has already taken place" (ECF No. 84 at 4:13-14). The parties further state that they have also made their expert disclosures (ECF No. 89 at 3:4-6). The parties' Stipulation, however, does not articulate why the parties need an additional four months to complete just Phase I of the bifurcated discovery.  Particularly when the default discovery period for a brand-new action is just two months longer.  *See* LR 26-1(b)(1) (the default discover period is 180 days).  The Stipulation also fails to articulate why the parties need a new date to amend the pleadings or add parties at this stage of the proceedings when the parties' previous discovery plan from November 2022 (ECF No. 44) recognized that such deadline long-expired and did not include a new proposed deadline to amend pleadings or add parties.  In sum, the Court denies ECF No. 89 and requests the parties to submit a Stipulation which provides the following:

(a) Identification of all prior discovery extensions;

(b) Identification of precisely what discovery remains to be completed, identifying in detail (i) any category of documents to be requested; (ii) the subject matter of any interrogatories to be served; and (iii) the identification of witnesses and proposed dates for any remaining depositions to be taken.

(c) Good cause why the deadline to amend the pleadings or add parties should be re-opened.

Accordingly,

**IT IS ORDERED**:

1. The *Amended Stipulated Discovery Plan and Scheduling Order* (ECF No. 89) is DENIED WITHOUT PREJUDICE.

2. The parties shall submit a revised Stipulated Discovery Plan and Scheduling Order by no later than **April 12, 2024**, which complies with Local Rules and provides the information requested above.

DATED this 29th day of March 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge