Vincent J. Aiello, Esq.
Nevada Bar No. 7970
Linda K. Williams, Esq.
Nevada Bar No. 012135
SPENCER FANE, LLP
300 South Fourth Street, Suite 950
Las Vegas, Nevada 89101
Telephone (702) 408-3417
Facsimile (702) 408-3401
vaiello@spencerfane.com
lwilliams@spencerfane.com
*Attorneys for Defendant/Counter-Claimant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RESORTS WORLD LAS VEGAS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br>v.<br><br>ROCK FUEL MEDIA, INC., a California corporation,<br><br>Defendant. | Case No.: 2:21-cv-02218-JAD-MDC<br><br>**FIFTH AMENDED JOINT DISCOVERY PLAN AND PROPOSED SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |
| ROCK FUEL MEDIA, INC., a California corporation,<br><br>Counter-Claimant,<br>v.<br><br>RESORTS WORLD LAS VEGAS, LLC, a Delaware limited liability company; and DOE and ROES I-X are unknown or not yet confirmed,<br><br>Counter-Defendants | |

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rules 26-1, RESORTS WORLD LAS VEGAS, LLC ("Plaintiff"), and ROCK FUEL MEDIA, INC. ("Defendant"), (collectively the "Parties"), by and through their counsel, hereby submit to the Court the following joint proposed

1

discovery plan and scheduling order. The Parties' proposed discovery plan and scheduling order is set forth below:

## I. MEETING

Mark G. Tratos and Bethany L. Rabe, counsel for Plaintiff, and Vincent J. Aiello, counsel for Defendant, held an updated Rule 26(f) conference on Monday, February 26, 2024, and Tuesday, March 5, 2024. On April 4, 2024, the parties discussed revisions and clarifications to the proposed discovery plan and scheduling order in response to the Court's order denying the proposed discovery plan and scheduling order without prejudice, see [ECF No. 90].  On April 12, 2024, the parties submitted a revised proposed discovery plan and scheduling order [ECF No. 91].  On April 15, 2024, the Court granted in part and denied in part the proposed discovery plan and scheduling order [ECF No. 92]. Thereafter, the parties began engaging in discovery.

On June 7, 2024, counsel for the parties conducted a meet and confer in accordance with LR IA 1-3(f) and LR 26-6 concerning various written discovery responses from Plaintiff and the Defendant. At the meet and confer the parties discussed the status of pending subpoenas duces tecum served by the Defendant on non-parties IGT and Sightline on June 13th, 2024. The parties also discussed the scheduling of deposition subpoenas issued for six (6) deponents for the individuals described in section IV(a)&(b). The parties also discussed noticing and scheduling four (4) 30(b)(6) depositions. Discovery is currently set to close in this matter on July 16, 2024.

Given the number of pending depositions and additional written discovery to be responded to and served in this matter, as well as unforeseen delays as outlined below, the parties hereby agree and stipulate to extend the discovery period from July 16, 2024 to September 6, 2024.

## II. FACTUAL BACKGROUND

Plaintiff initiated this declaratory relief matter on December 17, 2021 [ECF No. 1]. Defendant filed its answer and counterclaim on February 28, 2022 [ECF No. 11]. The Court entered the Joint Discovery Plan and Scheduling Order on April 14, 2022 [ECF No. 20]. On July 15, 2022, the Parties filed a

2

Stipulation and Proposed Order to Extend Discovery (First Request) during the pendency of the motion to dismiss defendant's counterclaim. [ECF No. 22, 13].

Plaintiff's motion to dismiss Defendant's counterclaim was heard on September 20, 2022; the Court denied said motion. [ECF No. 28]. Plaintiff filed its answer to the counterclaim on September 30, 2022. [ECF No. 29].

On October 4, 2022, the Parties filed a Stipulation and Proposed Order to Extend Discovery (Second Request), while Defendant's counsel contemporaneously filed a motion to withdraw. [ECF No. 30, 31]. On October 17, 2022, Defendant's counsel's motion to withdraw was granted [ECF No. 35].

On November 2, 2022, Defendant's new counsel filed a notice of appearance. [ECF No. 41]. Based on Defendant's new counsel's appearance, the Parties filed a Stipulation and Proposed Order to Extend Discovery (Third Request). [ECF No. 43]. Shortly thereafter, on February 13, 2023, Defendant's counsel filed a motion to withdraw, which was granted. [ECF No. 45, 48]. On September 20, 2023, Defendant's new counsel filed a notice of appearance for the limited purpose of representing Defendant with respect to setting aside its default, and withdrew as Defendant's counsel on March 4, 2024, once that purpose had been accomplished. [ECF No. 67, 87].

On February 16, 2024, the undersigned counsel for Defendant filed its Notice of Appearance in this matter. [ECF No. 86]. On or about March 18, 2024, current defense counsel resolved outstanding claims by the Defendant's former counsel Marquis & Aurbach, Chtd., to secure most of the client's file for this matter and will work with previous counsel at Dickinson Wright to secure the remainder of the file documents disclosed in this matter.  Prior to current defense counsel's appearance little transpired in the case as the Defendant was attempting to locate replacement counsel.  Since appearing Defendant's counsel has communicated with Plaintiff's counsel regarding the difficulty securing the file documents and worked on a proposed scheduling order given the remaining discovery which needs to be completed for this case.

**Error! Unknown document property name.**

The parties have agreed that the proposed discovery deadlines are necessary to further investigate the claims and defenses of the parties.

**III.     DISCOVERY COMPLETED**

    a. The parties have exchanged initial disclosures.

    b. Plaintiff and Defendant both served their first and second sets of written discovery.

    c. The parties responded to the first round of written discovery.

    d. The parties have served their respective expert disclosures.

    e. Each side has taken several depositions. Plaintiff has taken the depositions of Barry Summers, Howard Levine, and Ty Roberts. Defendant has taken the depositions of Paul Myers, Gerald Gardner, Doni Taube, and Sam McMullen, Jr.

    f. The parties responded to the second round of written discovery.

    g. The parties have supplemented responses to discovery.

    h. Defendant has had to conduct due diligence on most of the third parties, as well as domesticate some subpoenas, as many of the addresses have gone stale.

    i. The parties have noticed the depositions for the following individuals:

        i. Edward Farrell of J&J,

        ii. Les Leonard of Seneca Gaming Company,

        iii. Anthony Cabot,

        iv. Daniel Sahl, and

        v. International Game Technology Sightline Payments.

The Defendant has served a second set of written discovery on the Plaintiff which Plaintiff has responded to on June 18, 2024, and the Defendant is reviewing the responses.

The Defendant has prepared a 30(b)(6) meet and confer letter to serve on Plaintiff and discuss designating witnesses and scheduling the same with Plaintiff.

Plaintiff has served a 30(b)(6) meet and confer request with topics to the Defendant and meet and conferred on various topics in accordance with the Rules and the parties are working on dates to conduct the Defendants 30(b)(6) depositions.

## IV. REMAINING DISCOVERY

a. Defendant anticipates that it will take at least 5-6 depositions of fact witnesses, which may include at least one or two more deposition of a 30(b)(6) witness; and will take the depositions of Plaintiff's two expert witnesses. The identities of the deponents are listed below, and Defendant's counsel has worked diligently with Plaintiff's counsel to set dates for these depositions in June and July:

   i. Fact Witnesses:
      1. Richard Hutchins – Former Vice President of Casino Operations for Resorts World Las Vegas, LLC – served on May 31, 2024 for June 27, 2024 @ 9am PDT deposition
      2. Les Leonard – Former Information Technology employee of Resorts World Las Vegas, LLC – Deposition Subpoena domesticated in New York and served on June 18, 2024 for July 1, 2024 @ 1pm PDT remote deposition
      3. Edward Farrell – Former President of Resorts World Las Vegas, LLC – Mr. Farrell was out of town, and unable to accept service until his return to Tennessee. Mr. Farrell was served on June 15, 2024 for July 1, 2024 @ 9am PDT remote deposition
   ii. Expert Witnesses
      1. Daniel Sahl, Ph.D – Expert Witness for Resorts World Las Vegas, LLC – served on May 31, 2024 for July 2, 2024 @ 2pm deposition

Spencer Fane LLP
300 South Fourth Street, Suite 950
Las Vegas, NV 89101-6019
Phone: 702-408-3400 Fax: 702-408-3401

5

      2. Professor Anthony Cabot, Esq. – Rebuttal Expert Witness for Resorts World, LLC – served on May 31, 2024 for June 27, 2024 @ 1:30pm deposition

   iii. 30(b)(6) Witnesses:

      1. Representatives of International Game Technology – were unable to accept service at their local office. The registered agent was served on June 13, 2024 with document production and deposition date of June 27, 2024 @ 9:30am

      2. Representatives of Resorts World Las Vegas, LLC – served on June 13, 2024 with document production and deposition date of June 28, 2024 @ 9:30am

b. Defendant further anticipates serving several subpoenas upon entities and individuals that have or may have information or documentation relevant to these proceedings, to include:

   i. Subpoena to other vendors identified by Plaintiff in answers to proposed interrogatories that were sought to produce and implement a customized integrated mobile app wagering platform;

c. Defendant further anticipates meeting and conferring with Plaintiff's counsel regarding discovery responses and answers served which may remain outstanding.

d. Defendant further anticipates serving another set of interrogatories and requests for production of documents upon Plaintiff, subject matter to include:

   i. Correspondence and documents sent and received between Plaintiff and International Game Technology;

   ii. Correspondence and documents sent and received between Plaintiff and other vendors sought by Plaintiff to produce and implement a customized integrated mobile app wagering platform;

  iii. Identification of any and all employees, agents, contractors of Plaintiff that corresponded with or assisted in the production and implementation of a customized integrated mobile app wagering platform;

  iv. Identification of the dates and times Plaintiff first contacted International Game Technology and other prospective vendors to produce and implement a customized integrated mobile app wagering platform;

  v. Production of any and all concepts and ideas discussed with International Game Technology and other prospective vendors to produce and implement a customized integrated mobile app wagering platform;

e. Plaintiff anticipates meeting and conferring with Defendant regarding discovery issues that remain outstanding.

f. Plaintiff anticipates taking a 30(b)(6) deposition(s) of Rock Fuel Media, Inc. and deposing Defendant's expert, James P. Martin. Plaintiff will work with Defendant's counsel to set dates for these depositions in July and August.

g. Defendant anticipates taking 30(b)(6) deposition(s) of Resorts World person most knowledgeable for business matters pertaining to mobile gaming apps utilized by Resort's World and its customers and Resort World's person most knowledge concerning development and use of online gaming applications at Resort's World. Defendant will work with Plaintiff's counsel to set dates for these depositions in July and August.

h. The parties do not waive any rights or objections with respect to the above-listed proposed discovery.

**V.** **DISCOVERY PLAN – EXTENSION REQUESTED**

All discovery in this case will be conducted in accordance with the Federal Rules of Civil Procedure, and discovery will encompass issues relevant to the Parties' claims and defenses.

In an effort to streamline this matter and effectuate cost savings, the Parties have agreed to continue bifurcated discovery. The first phase of discovery will focus upon liability, including whether

7

Defendant disclosed any "confidential information" or trade secrets to Plaintiff and whether Plaintiff used any such information in developing a mobile app. No financial information will be requested during the first phase of discovery unless the parties agree otherwise in writing. The second phase of discovery will encompass damages, including financial information. The fact that the Parties have agreed to the general categories set out above does not preclude a party from objecting to or challenging a discovery request on any basis.

Pursuant to LR 26-3 the Parties stipulate to extend the discovery deadlines based on good cause as described below:

(1) Defendant's counsel had difficulty securing documents from Defendant's counsel previously disclosed to Plaintiff due to an attorney lien on Defendant's file. Plaintiff's counsel agreed to disclose the documents which were saved to an electronic discovery platform. Following payment to the electronic discovery vendor and transfer of the documents were made to Defendant's electronic discovery vendor on or about June 10, 2024. The document production included roughly 6,000 pages of documents which will take time to review, analyze and serve additional discovery needed based on these documents;

(2) The Parties' counsel have been diligently scheduling depositions and securing documentary evidence as detailed above and reported in the Fourth Amended Discovery Plan and Scheduling Order. Due to the fact that some subpoenaed parties and documents are domiciled and sited out of state, it is expected that some of the deposition dates and subpoena production dates will have to be rescheduled.

(3) Defendant's counsel both have conflicting commitments out of state, which were present on and before Defendants' counsel accepted this case, and will be unavailable for most of July 2024. One of Defendant's designated counsel will be sitting for the bar exam out of state in late July 2024, and the other will be out of state.

(4) In responding to Defendant's document requests, Plaintiff discovered that most of the documents Defendant requested will require the permission of third parties to produce due

**Error! Unknown document property name.**

to contractual provisions governing confidentiality of sensitive documents and communications. Plaintiff is in the process of working with those third parties to obtain such permission, but anticipates that this external coordination will take several weeks.

The Parties submit the following amended proposed discovery plan in accordance with LR 26-1(b):

(a) Discovery Cut-Off Date: The Parties shall complete the first phase of discovery in this matter by Tuesday, **September 6, 2024**. The second phase of discovery ("Damages Discovery") shall begin on Tuesday, **October 8, 2024**, and run for one hundred and twenty days, through **February 5, 2025**. If one or more dispositive motions are filed after the first phrase of discovery, the parties shall submit a Stipulation to Vacate The Discovery Deadlines for Second Phase of Discovery and which provides that the parties shall submit a proposed Discovery Plan and Scheduling Order for the Second Phase of Discovery within 20 days of the Court's ruling on the last pending dispositive motion.

(b) Rule 26(a)(1) Disclosures: The Parties have made all disclosures required by Rule 26(a)(1). The Parties acknowledge that disclosures required by Rule 26(a)(1) must supplement or correct its disclosures pursuant to Rule 26(e).

(c) Deadline for Amending the Pleadings and Adding Parties: **Closed**.

(d) Rule 26(a) Disclosures (Experts): Both Parties have made their initial expert disclosures in compliance with initial and amended discovery scheduling order and reserve rights to supplement as discovery progresses. Should the case proceed to second phase of discovery expert reports concerning damages shall be due on **Friday, December 13, 2024**.

(e) Dispositive Motions: Dispositive motions as to liability shall be filed no later than thirty (30) days after the cut-off date for the first phase of discovery, specifically, **Monday, October 7, 2024**. Plaintiff anticipates filing a dispositive motion as to liability. Dispositive motions as to damages issues shall be filed no later than thirty (30) days after the cut-off date for the second phase of discovery, specifically, **Friday, March 7, 2025** (subject to paragraph (a) above).

9

(f) Joint Pretrial Order: The Joint Pretrial Order shall be filed not later than **April 7, 2025**. Pursuant to LR 26-1(b)(5), in the event dispositive motions are filed, the date for filing the Joint Pretrial Order is suspended until thirty (30) days after the entry of a decision on the dispositive motions or upon further order of the Court.

(g) Rule 26(a)(3) Pretrial Disclosures: The parties shall make all disclosures required by Rule 26(a)(3) and any objections to them shall be included in the Joint Pretrial Order.

## VI.   ALTERNATIVE DISPUTE RESOLUTION

Pursuant to LR 26-1(b)(7), the parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes. The parties are continuing in their discussions regarding the possibility of mediation with respect to this matter.

## VII.   ALTERNATIVE FORMS OF CASE DISPOSITION

Pursuant to LR 26-1(b)(8), the parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73 and the use of the Short Trial Program (General Order 2013-01).

## VIII.   ELECTRONIC EVIDENCE

Pursuant to LR 26-1(b)(9), the parties certify that they discussed whether they intended to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties agree that electronic evidence may be produced and used in this matter and that they will cooperate in the production of any such electronically stored information. Any such information produced and used in this matter will be provided in an electronic format compatible with the Court's electronic jury evidence display system at the time of any trial. The parties will make a final determination as to this issue should this case proceed to trial.

## IX.   INADVERTENT PRODUCTION OF DOCUMENTS

The inadvertent production of any information during discovery in this action shall be without prejudice to any claim that such information is subject to the attorney-client privilege or is protected from discovery as attorney work product. No party shall be held to have waived any rights by such

**Spencer Fane LLP**
300 South Fourth Street, Suite 950
Las Vegas, NV 89101-6019
Phone: 702-408-3400 Fax: 702-408-3401

Error! Unknown document property name.

1  inadvertent production.  Upon notification of inadvertent production, the receiving party shall not use
2  or divulge the contents of such information unless subsequently agreed to by the producing party or
3  permitted by the Court.  Any such inadvertently produced information shall be returned by the
4  receiving party within three business days of any written request therefor.  The receiving party retains
5  the right to challenge the information as not privileged or otherwise protected and discoverable.
6  / / /
7
8
9  / / /
10
11
12  / / /
13
14
15  / / /
16
17
18  / / /
19
20
21  / / /
22
23
24  / / /
25
26  / / /

**Spencer Fane LLP**
300 South Fourth Street, Suite 950
Las Vegas, NV  89101-6019
Phone: 702-408-3400 Fax: 702-408-3401

**Error! Unknown document property name.**

**PROPOSED DISCOVERY DATES**

| Deadline | Current Date | New Proposed Date |
|---|---|---|
| Close of Discovery – First Phase | July 16, 2024 | September 6, 2024 |
| Dispositive Motions - Liability | August 15, 2024 | October 7, 2024 |
| Close of Discovery – Second Phase | December 18, 2024 | February 5th, 2025 |
| Dispositive Motions – Damages | January 17, 2024 | March 7, 2025 |
| Joint Pretrial Order | February 17, 2025 | April 7, 2025 |

IT IS SO STIPULATED.

DATED this 21st day of June, 2024.　　　　　　DATED this 21st day of June, 2024.

**SPENCER FANE LLP**　　　　　　　　　　**GREENBERG TRAURIG, LLP**

/s/ Linda K. Williams　　　　　　　　　　　/s/ Bethany L. Rabe
Vincent J. Aiello (NV Bar No. 7970)　　　　Mark G. Tratos (NV Bar No. 1086)
Linda K. Williams (NV Bar No. 12135)　　Bethany L. Rabe (NV Bar No. 11691)
300 South Fourth Street, Suite 950　　　　Kimberly J. Cooper (NV Bar No. 9533)
Las Vegas, NV 89101　　　　　　　　　　10845 Griffith Peak Drive, St. 600,
*Attorneys for Defendant/Counter-Claimant*　Las Vegas, NV 89135
　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff/ Counter-Defendant*

**ORDER**

IT IS SO ORDERED.

No further extensions will likely be granted absent extraordinary circumstances

_____
Hon. Maximiliano D. Couvillier III
UNITED STATES MAGISTRATE JUDGE
DATED: 6/24/24

Error! Unknown document property name.