MARK G. TRATOS, ESQ.
Nevada Bar No. 1086
tratosm@gtlaw.com
BETHANY L. RABE, ESQ.
Nevada Bar No. 11691
rabeb@gtlaw.com
KIMBERLY J. COOPER, ESQ.
Nevada Bar No. 9533
cooperk@gtlaw.com
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

*Counsel for Plaintiff/Counterdefendant*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RESORTS WORLD LAS VEGAS LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ROCK FUEL MEDIA, INC., a California corporation,<br><br>Defendant. | Case No.: 2:21-cv-02218-JAD-MDC<br><br>**RENEWED STIPULATION AND PROPOSED ORDER TO EXTEND DISCOVERY**<br><br>**(SIXTH REQUEST)** |
| ROCK FUEL MEDIA, INC., a California corporation,<br><br>Counterclaimant,<br><br>v.<br><br>RESORTS WORLD LAS VEGAS LLC, a Delaware limited liability company; and DOE and ROES I-X are unknown or not yet confirmed,<br><br>Counterdefendants. | |

RESORTS WORLD LAS VEGAS, LLC ("Plaintiff") and ROCK FUEL MEDIA, INC. ("Defendant") (collectively the "Parties"), by and through their counsel, hereby file this Stipulation and Proposed Order to Extend Discovery in this case by sixty (60) days under Local Rules IA 6-1 and 26-3.

Page 1

This is the sixth request that the Court grant a stipulation to allow for the completion of discovery. This stipulation was previously denied without prejudice, subject to the parties identifying deposition dates for the listed depositions. *See* ECF No. 97. Such dates have now been identified and are included herein.

**FACTUAL BACKGROUND**

Plaintiff initiated this declaratory relief matter on December 17, 2021 [ECF No. 1]. Defendant filed its answer and counterclaim on February 28, 2022 [ECF No. 11]. The Court entered the Joint Discovery Plan and Scheduling Order on April 14, 2022 [ECF No. 20]. On July 15, 2022, the Parties filed a Stipulation and Proposed Order to Extend Discovery (First Request) during the pendency of the motion to dismiss Defendant's counterclaim. [ECF No. 22, 13].

Plaintiff's motion to dismiss Defendant's counterclaim was heard on September 20, 2022; the Court denied said motion. [ECF No. 28]. Plaintiff filed its answer to the counterclaim on September 30, 2022. [ECF No. 29].

On October 4, 2022, the Parties filed a Stipulation and Proposed Order to Extend Discovery (Second Request), while Defendant's counsel contemporaneously filed a motion to withdraw. [ECF No. 30, 31]. On October 17, 2022, Defendant's counsel's motion to withdraw was granted [ECF No. 35].

On November 2, 2022, Defendant's new counsel filed a notice of appearance. [ECF No. 41]. Based on Defendant's new counsel's appearance, the Parties filed a Stipulation and Proposed Order to Extend Discovery (Third Request). [ECF No. 43]. Shortly thereafter, on February 13, 2023, Defendant's counsel filed a motion to withdraw, which was granted. [ECF No. 45, 48]. On September 20, 2023, Defendant's new counsel filed a notice of appearance for the limited purpose of representing Defendant with respect to setting aside its default, and withdrew as Defendant's counsel on March 4, 2024, once that purpose had been accomplished. [ECF No. 67, 87].

On February 16, 2024, the undersigned counsel for Defendant filed its Notice of Appearance in this matter. [ECF No. 86]. On or about March 18, 2024, current defense counsel resolved outstanding claims by the Defendant's former counsel, Marquis & Aurbach, Chtd., to secure most of the client's file for this matter and will work with previous counsel at Dickinson Wright to secure the

remainder of the file documents disclosed in this matter. Prior to current defense counsel's appearance, little transpired in the case, as the Defendant was attempting to locate replacement counsel. Since appearing, Defendant's counsel has communicated with Plaintiff's counsel regarding the difficulty securing the file documents and worked on a proposed scheduling order given the remaining discovery which needs to be completed for this case.

The Parties have agreed that the proposed discovery deadlines are necessary to further investigate the claims and defenses of the Parties.

## **COMPLETED DISCOVERY**

1. The Parties have exchanged initial disclosures.
2. Plaintiff and Defendant both served three rounds of written discovery, to which the opposing Party has responded. Most recently, Resorts World responded to Defendant's third set of requests for production of documents on July 15, 2024.
3. The Parties have served their respective expert disclosures.
4. Each side has taken multiple depositions.
   a. Plaintiff has taken the depositions of Barry Summers, Howard Levine, and Ty Roberts.
   b. Since the time of the last request for an extension of discovery, Plaintiff has also taken two FRCP 30(b)(6) depositions of corporate representatives for Defendant.
   c. Defendant has taken the depositions of Paul Myers, Gerald Gardner, Doni Taube, and Sam McMullen, Jr.
   d. Since the time of the last request for an extension of discovery, Defendant has also taken the deposition of one of Plaintiff's expert witnesses, Professor Anthony Cabot, Esq., and the deposition of fact witness Rick Hutchins.
5. The Parties have supplemented responses to discovery.
6. Defendant has had to conduct due diligence on most of the third parties, as well as domesticate some subpoenas, as many of the addresses have gone stale.
7. Plaintiff has served a subpoena duces tecum upon Originate, a software development company located in California.

/ / /

Page 3

8. Defendant has served an FRCP 30(b)(6) meet and confer letter and the Parties have conducted that meet and confer.

## REMAINING DISCOVERY

The remaining discovery in this case is primarily depositions, although the Parties anticipate conducting limited additional written discovery. Due to various scheduling conflicts, the Parties have set and vacated several depositions. In particular, the following depositions remain:

1. Edward Farrell of J&J (Former President of Resorts World) – September 24, 2024.
2. Les Leonard of Seneca Gaming Company (Former IT employee of Resorts World) – the parties have determined that Mr. Leonard will provide a declaration in lieu of a deposition.
3. Daniel Sahl (expert for Plaintiff) – October 14, 2024.
4. James P. Martin (expert for Defendant) – October 11, 2024.
5. FRCP 30(b)(6) representative(s) of International Game Technology – October 16, 2024.
6. FRCP 30(b)(6) representative(s) of Sightline Payments – October 16, 2024.
7. FRCP 30(b)(6) representative(s) of Resorts World – October 1, 2024.

Additionally, Resorts World is continuing to search for and produce documents responsive to Defendant's latest round of written discovery, as further noted below.

## GOOD CAUSE TO EXTEND DISCOVERY

The Parties have been diligent in conducting discovery in this matter. Both Parties have served written discovery on the other and responded to the same. Both Parties have retained experts and disclosed reports, and both Parties have taken multiple depositions. Counsel for Defendant only received the litigation file in June, including thousands of pages of documents that were produced (due to an attorney lien on Defendant's file). Counsel for Defendant has been diligently reviewing the documents and coming up to speed on the case. Resorts World is working to provide responses to Defendant's most recent round of written discovery, but it is a difficult process, given that the events underlying this litigation took place in 2018 and many individuals involved are no longer employed by Resorts World and live out of state. As gaming operations have continued to spread across the United States, employment opportunities for executives with industry experience have increased outside of Nevada and throughout the United States. This, in turn, has meant that locating

Page 4

former employees is more difficult and finding opportunities for them to be deposed is more difficult because of conflicting time zones.

Further, many of the documents Plaintiff requested will require the permission of third parties to produce, due to contractual provisions governing confidentiality of sensitive documents and communications. Plaintiff has been in the process of working with those third parties to obtain such permission.

Growth of mobile gaming did not occur first in Nevada, which has the most thorough and conservative oversight of gaming operators and manufacturers in the United States. Mobile gaming developed both in Asia and Europe as much as a decade before it migrated to the United States. Other states, such as New Jersey, adopted mobile gaming regulations earlier in 2013, long before Nevada permitted such uses. This has meant that much of the critical information about the state-of-the-art of the industry regarding mobile gambling, which was knowable to interested parties, developed outside of Nevada. This has required additional time and expense and slowed the discovery process of completing discovery and production of documents.

The Parties believe that additional time for discovery would assist them in fully developing their claims and defenses with an eye toward eliminating all or some of the claims and defenses at the summary judgment stage.

At various times, the Parties have considered whether mediation or other forms of alternative dispute resolution would be appropriate, and will continue to evaluate that possibility as the case continues.

As such, the Parties jointly stipulate and request that the Court adjust the remaining dates by sixty (60) days as follows:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 5

## PROPOSED DISCOVERY DATES[1]

| Deadline | Current Date | New Proposed Date |
|---|---|---|
| Close of Discovery – Liability | September 6, 2024 | November 5, 2024 |
| Dispositive Motions – Liability | October 7, 2024 | December 6, 2024 |
| Discovery Opens – Damages[2] | October 8, 2024 | December 7, 2024 |
| Close of Discovery – Damages | February 5, 2025 | April 7, 2025 |
| Dispositive Motions – Damages | March 7, 2025 | May 6, 2025 |
| Joint Pretrial Order[3] | April 7, 2025 | June 6, 2025 |

IT IS SO STIPULATED.

DATED this 28th day of August, 2024.

**GREENBERG TRAURIG, LLP**

/s/ Bethany L. Rabe
Mark G. Tratos (NV Bar No. 1086)
Bethany L. Rabe (NV Bar No. 11691)
Kimberly J. Cooper (NV Bar No. 9533)
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
*Attorneys for Resorts World Las Vegas*

DATED this 28th day of August, 2024.

**SPENCER FANE**

/s/ Linda K. Williams
Vincent J. Aiello (NV Bar No. 7970)
Linda K. Williams (NV Bar No. 12135)
300 South Fourth Street, Suite 950
Las Vegas, NV 89101
*Attorneys for Rock Fuel Media, Inc.*

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE
DATED: 8/30/24

---

[1] Where a date falls on a weekend or holiday, the date is moved to the next business day.

[2] Per the Court's prior orders, if one or more dispositive motions are filed after the first phase of discovery, the Parties shall submit a Stipulation to Vacate the Discovery Deadlines for Second Phase of Discovery and which provides that the Parties shall submit a proposed Discovery Plan and Scheduling Order for the Second Phase of Discovery within 20 days of the Court's ruling on the last pending dispositive motion.

[3] In the event dispositive motions are filed, the date for filing the Joint Pretrial Order is suspended until 30 days after entry of a decision on the last pending dispositive motion or upon further order of the Court.

ACTIVE 701069471v2