MARK G. TRATOS, ESQ.
Nevada Bar No. 1086
tratosm@gtlaw.com
BETHANY L. RABE, ESQ.
Nevada Bar No. 11691
rabeb@gtlaw.com
KIMBERLY J. COOPER, ESQ.
Nevada Bar No. 9533
cooperk@gtlaw.com
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

*Counsel for Plaintiff/Counterdefendant*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RESORTS WORLD LAS VEGAS LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ROCK FUEL MEDIA, INC., a California corporation,<br><br>Defendant. | Case No.: 2:21-cv-02218-JAD-MDC<br><br>**[RESUBMITTED] STIPULATION AND PROPOSED ORDER TO EXTEND DISCOVERY**<br><br>**(NINTH REQUEST)** |
| ROCK FUEL MEDIA, INC., a California corporation,<br><br>Counterclaimant,<br><br>v.<br><br>RESORTS WORLD LAS VEGAS LLC, a Delaware limited liability company; and DOE and ROES I-X are unknown or not yet confirmed,<br><br>Counterdefendants. | |

RESORTS WORLD LAS VEGAS, LLC ("Resorts World") and ROCK FUEL MEDIA, INC. ("Rock Fuel"), by and through their undersigned counsel, hereby stipulate and agree to extend deadlines for 120 days for the reasons outlined below. This stipulation is being resubmitted pursuant to this Court's order dated March 4, 2025 (ECF No. 123), denying the stipulation without prejudice

Page 1

ACTIVE 708071152v1

for failure to address the excusable neglect factors.

## I. Introduction and Background

The parties hereby resubmit their stipulation to extend deadlines pursuant to this Court's order denying their prior stipulation without prejudice (ECF No. 122) for failure to address the excusable neglect factors. *See* ECF No. 123. The parties request that the Court enter the new schedule for the reasons described herein.

### A. The Court Extends Deadlines to Accommodate IGT's Deposition.

On December 11, 2024, this Court heard non-party IGT's motion to quash subpoena. This Court granted in part and denied in part that motion, ordering that the close of discovery be extended until February 15, 2025 for the purpose of obtaining the deposition of an IGT 30(b)(6) representative, but that IGT did not have to search for and produce documents in response to the Rock Fuel subpoena. *See* ECF No. 107.

The Court ordered that the parties may submit a proposed stipulation addressing all other pre-trial and discovery deadlines. *Id*. The parties did so, and the close of discovery and the summary judgment deadline were extended pursuant to this Court's order. *See* ECF No. 110. Rock Fuel served an amended subpoena for a deposition of IGT to be conducted on February 4, 2025.

### B. IGT Objects to the Court's Denial of its Motion to Quash.

Meanwhile, IGT filed objections to the Magistrate Judge's order denying in part IGT's motion to quash subpoena, as well as an emergency motion to stay the deposition pending Judge Dorsey's ruling on the objections. *See* ECF No. 111, ECF No. 112. Judge Dorsey denied the emergency motion to stay and set the objections for a hearing on January 21, 2025. *See* ECF No. 113.

### C. The Deposition is Delayed Pursuant to Judge Dorsey's Order.

At the hearing, Judge Dorsey heard argument from the parties and IGT. *See* ECF No. 116. Judge Dorsey overruled the objections, but permitted IGT to file a motion to limit the topics of the deposition in light of the Magistrate Judge's ruling that IGT need not produce documents in response to the subpoena. *Id*. Judge Dorsey reasoned that permitting deposition on certain topics would effectively require IGT to perform the work of gathering documents that Judge Couvillier had held was overly burdensome. *Id*.

Page 2

1  With respect to scheduling, Judge Dorsey stated that the deposition would not be going forward prior to February 15, 2025, and set another hearing for the afternoon of February 14, 2025 to make determinations as to the topics that would be permitted. *Id*. Judge Dorsey recognized that the discovery and summary judgment deadlines would need to move out, and stated that she did not think it was fruitful to have summary judgment briefing prior to the close of discovery. *See* ECF No. 117, at 29-30. Based on certain comments at the hearing, the parties believed that Judge Dorsey was going to reset remaining deadlines at the February 14, 2025 hearing, after the issues relating to the deposition were adjudicated, and therefore no stipulation to extend deadlines was necessary. *Id*., at 34-35.

### D. Judge Dorsey Orders the Deposition to go Forward and the Parties Work to Find a Date.

On the afternoon of February 14, 2025, Judge Dorsey heard argument from the parties and IGT regarding limiting the topics for the deposition. *See* ECF No. 120. Judge Dorsey limited the topics by eliminating some topics, leaving some topics as-is, and narrowing other topics. *Id*. When asked about rescheduling deadlines, she stated that if the parties wished to extend the discovery schedule, they should seek that extension from the Magistrate Judge.

Immediately following the hearing, the parties spoke with counsel for IGT to determine when a witness would be available. However, counsel for IGT represented that it needed more time to determine witness availability given the Court's ruling as to the scope and the topics.

As such, the parties sought to work with IGT to determine what date would be appropriate. The parties believed this was important to determine prior to submitting a stipulation because a prior stipulation to extend deadlines that did not include specific deposition dates had been rejected. *See* ECF No. 97. Additionally, the parties needed to know when IGT's witness would be available to determine what length extension to request.

### II. The Parties Have Demonstrated Excusable Neglect to Move the Discovery Deadline.

Request for relief from a case management deadline that has already passed requires a showing of excusable neglect. *See Tommy Lynch As Adm'r for the Est. of v. Hernandez*, 2024 U.S.

Page 3

Dist. LEXIS 222644, at *4 (D. Nev. Nov. 7, 2024). The excusable neglect analysis is guided by factors that include (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Id*. Here, each of these factors weighs in favor of moving the already-passed discovery deadline.

### 1. The Danger of Prejudice to the Opposing Party.

There is no danger of prejudice to either party here, as both parties agree that the deadline should be reopened.

### 2. The Length of the Delay and its Potential Impact on Proceedings.

As this Court noted, the deadline for the close of discovery was February 15, 2025. The parties moved to extend that deadline on February 28, 2025, after the deadline had passed. This delay of two weeks in seeking the extension is relatively short, and will not impact proceedings, especially where both parties to the case agree that the deadlines should be extended.

### 3. The Reason for the Delay.

The delay was based upon the parties' misunderstanding of certain comments at the January 21, 2025 hearing. The parties believed that Judge Dorsey was going to extend the discovery cutoff and associated deadlines during the February 14, 2025 hearing, and therefore no stipulation to extend deadlines prior to February 15 was necessary. However, that rescheduling did not occur at the hearing.

Following the February 14, 2025 afternoon hearing, the parties would have had only a few hours to file a stipulation prior to February 15, 2025. It may have been possible to do so, but IGT was not able to provide information that quickly as to how long it needed to prepare and what specific date its witness would be available given that the scope of the deposition was not known until the Court ruled that day.

Over the following two weeks, Rock Fuel updated the subpoena in accordance with Judge Dorsey's order, Rock Fuel and Resorts World scheduled and had a discussion regarding potential limitations to the subpoena in an effort to potentially take the deposition earlier, and the parties sought confirmation of dates and timeframe from IGT. On February 28, IGT's counsel confirmed the date

Page 4

of May 7, 2025 for its deposition. The parties filed their stipulation the same day.

### 4. Whether the Movant Acted in Good Faith.

Rock Fuel and Resorts World acted in good faith here. As seen above, the parties misunderstood Judge Dorsey's statements at the January 21 hearing and believed she was going to alter the schedule at the February 14 hearing, which would not have required a stipulation. Thereafter, the parties worked together to work out remaining issues with the scope and scheduling of the deposition and confirmed a date with IGT. They then filed the stipulation promptly. This case has been ongoing for a long time and the parties have no desire to prolong it further; however, they wish to extend professional courtesy to IGT and its counsel in terms of the deposition preparation and scheduling.

## III. The Court Should Move the Deadlines in Accordance With the 120-Day Extension Laid Out in the Parties' Stipulation.

In coordinating with IGT, IGT's counsel has stated that it cannot be ready for the deposition prior to May, given the necessity of preparing the witness and obtaining and searching its records from years ago to ensure knowledge of the topics of the notice. As such, the parties and IGT have agreed on May 7, 2025 for the deposition of IGT.

The parties therefore hereby stipulate that discovery shall remain open until June 16, 2025 to accommodate the IGT deposition as well as expert depositions (the parties wish to take expert depositions following the IGT deposition, which is the last remaining fact deposition). The parties have also agreed that Rock Fuel may attempt to seek the fact deposition of a representative of Joingo during this time, given that Rock Fuel has recently identified documents in the prior productions in which Joingo and IGT had communications Rock Fuel believes are relevant to the IGT app at issue. Moreover, lead counsel for Resorts World has a prescheduled out-of-state trip scheduled during the second two weeks of May.

The parties also wish to ensure time for briefing between the close of discovery and the deadline for motions for summary judgment. The current dispositive motions deadline would require summary judgment briefing to be filed prior to the close of discovery, which Judge Dorsey has said she does not want. *See* ECF No. 117, at 29-30. As such, the parties hereby stipulate and agree to

ACTIVE 708071152v1

adjust the remaining deadlines as follows:

**PROPOSED DISCOVERY DATES**[1]

| Deadline | Current Date | New Proposed Date |
|---|---|---|
| Close of Discovery – Liability | February 15, 2025 | June 16, 2025 |
| Dispositive Motions – Liability | March 17, 2025 | July 15, 2025 |
| Discovery Opens – Damages[2] | March 18, 2025 | July 16, 2025 |
| Close of Discovery – Damages | July 16, 2025 | November 13, 2025 |
| Dispositive Motions – Damages | August 15, 2025 | December 15, 2025 |
| Joint Pretrial Order[3] | September 15, 2025 | January 13, 2026 |

**IT IS SO STIPULATED.**

DATED this 7th day of March, 2025.    DATED this 7th day of March, 2025.

**GREENBERG TAURIG, LLP**    **SPENCER FANE**

/s/ Bethany L. Rabe    /s/ Linda K. Williams

Mark G. Tratos (NV Bar No. 1086)    Vincent J. Aiello (NV Bar No. 7970)
Bethany L. Rabe (NV Bar No. 11691)    Linda K. Williams (NV Bar No. 12135)
Kimberly J. Cooper (NV Bar No. 9533)    300 South Fourth Street, Suite 950
10845 Griffith Peak Drive, Suite 600    Las Vegas, NV 89101
Las Vegas, NV 89135    *Attorneys for Rock Fuel Media, Inc.*
*Attorneys for Resorts World Las Vegas*

IT IS SO ORDERED

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge
DATED: 3/10/25

---

[1] Where a date falls on a weekend or holiday, the date is moved to the next business day.
[2] Per the Court's prior orders, if one or more dispositive motions are filed after the first phase of discovery, the Parties shall submit a Stipulation to Vacate the Discovery Deadlines for Second Phase of Discovery and which provides that the Parties shall submit a proposed Discovery Plan and Scheduling Order for the Second Phase of Discovery within 20 days of the Court's ruling on the last pending dispositive motion.
[3] In the event dispositive motions are filed, the date for filing the Joint Pretrial Order is suspended until 30 days after entry of a decision on the last pending dispositive motion or upon further order of the Court.