UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Resorts World Las Vegas LLC,

    Plaintiff

v.

Rock Fuel Media, Inc.,

    Defendant

Case No.: 2:21-cv-02218-JAD-VCF

**Order Granting Plaintiff's Motions to Seal**

[ECF Nos. 129, 138]

Plaintiff Resorts World Las Vegas LLC seeks to seal or redact various exhibits attached to its motions to exclude testimony and for summary judgment, contending that those exhibits contain confidential information.[1] "The public has a 'general right to inspect and copy public records and documents including judicial records and documents.'"[2] "Although the common law right of access is not absolute, '[courts] start with a strong presumption in favor of access to court records.'"[3] "A party seeking to seal judicial records can overcome the strong presumption of access by providing 'sufficiently compelling reasons' that override the public policies favoring disclosure."[4] "When ruling on a motion to seal court records, the district court must balance the competing interests of the public and the party seeking to seal judicial records."[5]

"To seal the records, the district court must articulate a factual basis for each compelling reason to seal[,] [which] must continue to exist to keep judicial records sealed."[6] The Ninth

---

[1] ECF Nos. 129, 138.

[2] *In re Midland Nat. Life Ins. Co. Annuity Sales Prac. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (quoting *Nixon v. Warner Comm'ns., Inc.*, 435 U.S. 589, 597 (1978)).

[3] *Id.* (quoting *Foltz v. St. Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[4] *Id.* (quoting *Foltz*, 331 F.3d at 1135).

[5] *Id.* (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

[6] *Id.* (citing *Kamakana*, 447 F.3d at 1179; *Foltz*, 331 F.3d at 1136).

Circuit has, however, "'carved out an exception to the presumption of access' to judicial records" that is "'expressly limited to' judicial records 'filed under seal when attached to a non-dispositive motion.'"[7] "Under the exception, 'the usual presumption of the public's right is rebutted[,]'" so "a particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c) is sufficient to preserve the secrecy of sealed discovery documents attached to non-dispositive motions."[8]

I find that the higher compelling-reasons standard applies in this context because the underlying summary-judgment motion and the related motion to exclude expert testimony are dispositive. I reviewed the sealed exhibits in camera and find that they contain confidential, sensitive business information and potential trade secrets that, if released, could potentially damage both parties. So I conclude that there are compelling reasons to seal or redact them in the manner Resorts World suggests.

## Conclusion

IT IS THEREFORE ORDERED that Resorts World Las Vegas LLC's motions to seal **[ECF Nos. 129 and 138] are GRANTED**. The Clerk of Court is directed to **MAINTAIN THE SEAL on ECF Nos. 130, 139, 140, and 141.**

_____
U.S. District Judge Jennifer A. Dorsey
August 6, 2025

---

[7] *Id.* (quoting *Foltz*, 331 F.3d at 1135).

[8] *Id.* (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002); *Foltz*, 331 F.3d at 1135, 1138).