UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Resorts World Las Vegas LLC,<br><br>        Plaintiff(s),<br><br>vs.<br><br>Rock Fuel Media, Inc.,<br><br>        Defendant(s). | No. 2:21-cv-02218-JAD-MDC<br><br>ORDER GRANTING MOTION TO SEAL (ECF NO. 162) |

Pending before the Court is defendants' *Motion to File Under Seal* ("Motion") *(*ECF No. 162). The Court GRANTS the Motion for the reasons stated below.

## DISCUSSION

**I.    PROCEDURAL BACKGROUND**

Non-party IGT ("IGT") filed a *Motion for Attorney Fees and Compliance with [defendant] Rock Fuel's Subpoena* ("Attorney Fees Motion"). *ECF No. 146*.[1] Defendant Rock Fuel Media, Inc. ("Rock Fuel") opposed the Attorney Fees Motion. *ECF No. 154*. IGT filed a reply addressing Rock Fuel's opposition and filed a Declaration in support of their reply. *ECF Nos. 160*, *161*; *see also ECF No. 160-2*. IGT moves to seal the Declaration as it contains confidential settlement information. *See generally ECF No. 162*.

**II.    LEGAL STANDARD**

Courts have recognized that the public has "a general right to inspect and copy public records and documents, including judicial records and documents." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Nixon v. Warner Communications Inc*., 435 U.S. 589, 597,

---

[1] IGT originally filed the Attorney Fees Motion against both plaintiff Resorts World Las Vegas LLC and defendant Rock Fuel Media, Inc., but later resolved issues with Resorts World Las Vegas LLC and withdrew the Attorney Motion regarding them. *ECF No. 159*. The Attorney Fee Motion remains pending against Rock Fuel Media, Inc.

1

98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978)). Because of this, unless a particular court record is one "traditionally kept secret," there is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal a judicial record must meet one of two standards. *See generally Ctr. for Auto Safety*, 809 F.3d at 1096-1102.

If a party seeks to seal a document attached to a dispositive motion, the party must show that there is a "compelling reason" to seal the document. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 667 (9th Cir. 2010). That is, the party seeking to seal "must articulate[] compelling reasons supported by specific factual findings…that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal citations and quotations omitted). "What constitutes a compelling reason is best left to the sound discretion of the trial court." *Ctr. for Auto Safety*, 809 F.3d at 1097 (citing *Nixon* 435 U.S. at 599) (internal quotations omitted). However, courts have found compelling reasons to seal documents that might otherwise become a vehicle for improper purposes. *Nixon*, 435 U.S. at 598.

If a party seeks to seal a document attached to a non-dispositive motion, then the party need only show that "good cause" exists. *Pintos*, 605 F.3d at 678. This is the same good cause standard that applies to protective orders under Rule 26(c) of the Federal Rules of Civil Procedures. *Kamakana*, 447 F.3d at 1179-80. "For good cause to exist, the party seeking [to seal] bears the burden of showing specific prejudice or harm will result[.]" *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

**III.   ANALYSIS**

The Court applies the good cause standard as IGT seeks to seal a Declaration relating to a Motion for Attorney Fees for costs associated with complying with a subpoena. *See In Re Anthem, Inc. Data Breach Litigation*, No. 15-MD-02617-LHK, 2018 WL 3067783, at *1-2 (N.D. Cal. March 16, 2018) (applying the good cause standard to documents related to a Motion for Attorney Fees where the

underlying issues in the Motion for Attorney Fees were not "tangentially related" to the underlying merits of the matter). IGT argues that the Declaration contains confidential settlement information between them and Resorts World Las Vegas LLC. *ECF No. 162* at 3.[2] IGT notes that they only seek to redact and seal the "confidential settlement amount" and that the publicly available version of the Declaration (ECF No. 160-2) provides "generally that a settlement does in fact exist." *Id.* IGT also argues that the settlement was between two private entities and has no relation to this matter. *Id.* No party in this matter opposes the Motion. The Court finds that good cause exists to seal the Declaration. Courts have found that protecting confidential settlement information satisfy good cause. *See, e.g., Taylor v. Walmart Stores, Inc.*, No. 2:18-cv-02210-JCM-EJY, 2019 WL 5310200 (D. Nev. October 21, 2019) (finding that good cause existed to seal confidential settlement amounts).

ACCORDINGLY,

**IT IS ORDERED that** the *Motion to File Under Seal* (ECF No. 162) is GRANTED.

DATED: October 3, 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

---

[2] Even as the Motion for Attorney Fees is only currently pending against Rock Fuel, IGT filed the Declaration in case "the Court may decide to reduce any award of fees and costs against Rock Fuel by the amount of Resorts World's settlement payment to Non-Party IGT." *ECF No. 162* at 2. Resorts World Las Vegas LLC also filed a Joinder to the Motion. *ECF No. 163*.