UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Resorts World Las Vegas LLC,<br><br>             Plaintiff,<br><br>vs.<br><br><br>Rock Fuel Media, Inc.,<br><br>             Defendant. | No. 2:21-cv-02218-JAD-MDC<br><br>**ORDER DENYING MOTION FOR ATTORNEY'S FEES AND COSTS OF COMPLIANCE (ECF NO. 146)** |

Non-party IGT ("IGT") filed a *Motion for Attorney's Fees and Costs of Compliance with Rock Fuel's Subpoena* ("Motion") (ECF No. 146). I **DENY** the Motion for the reasons below.

## I.   BACKGROUND

This is a Federal Trade Secrets case. Defendant Rock Fuel ("Rock Fuel") served an *Amended Subpoena Duces Tecum & for Testimony* ("Amended Subpoena") on IGT. *See ECF No. 100-2*.[1] Rock Fuel subpoenaed IGT to produce documents and send a representative to appear as a witness in a Rule 30(b)(6) deposition. *See ECF No. 100-2*. After resolution efforts were unsuccessful, Rock Fuel served a revised subpoena ("Revised Subpoena") to IGT that reflected a new deposition date but was otherwise was identical to the Amended Subpoena. *See ECF Nos. 100-7*; *100-2*; *see also ECF No. 100* at 6. IGT filed a *Motion to Quash* the Revised Subpoena. *ECF No. 100*.

On December 11, 2024, I granted in part IGT's *Motion to Quash* and quashed the Revised Subpoena as to the documents sought but denied the motion in part as to the deposition requested. *ECF No. 107*. On January 21, 2025, the District Judge affirmed my order over IGT's objection (ECF No.

---

[1] IGT explained that Rock Fuel served the Amended Subpoena to correct an "erroneously-named entity to which the original Subpoena was directed" and to address IGT's objections to the original Subpoena. *ECF No. 100* at 2 n.1.

1

116). IGT also filed a *Motion to Modify Deposition Topics* (ECF No. 118), which the District Judge granted in part (ECF No. 120) and modified some of the deposition topics listed in the Revised Subpoena.

Following the deposition, IGT filed its Motion for fees and costs under Rule 45(d) associated with: (1) complying with the Revised Subpoena as tailored by the Court; (2) litigating against the Revised Subpoena; and (3) bringing forth this Motion. *ECF No. 146*. IGT originally brought this Motion against Rock Fuel and plaintiff Resorts World Las Vegas LLC ("Resorts World") but later filed a Notice stating that it only seeks relief against Rock Fuel. *ECF No. 159*. Rock Fuel opposes the Motion. *ECF No. 154*. IGT filed a reply addressing Rock Fuel's opposition. *ECF No. 160*.

## II.     GENERAL LEGAL PRINCIPLES

"Rule 45(d) provides two related avenues by which a person subject to a subpoena may be protected from the costs of compliance: sanctions under Rule 45(d)(1) and cost-shifting under Rule 45(d)(2)(B)(ii)." *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013). Since Rule 45(d)(2)(B)(ii) was amended in 1991, courts in the Ninth Circuit analyze if the subpoenaed non-party incurred "significant" expenses complying to the subpoena to determine if and how cost-shifting applies. *Id.* at 1184-85. Some district courts use the following factors in determining how much of a significant expense to shift: "'(1) whether the nonparty has an interest in the outcome of the case; (2) whether the nonparty can more readily bear its costs than the requesting party; and (3) whether the litigation is of public importance.'" *See, e.g.*, *Callwave Communications, LLC v. Wavemarket, Inc.*, No. C 14–80112 JSW (LB), 2014 WL 2918218, at *3 (N.D. Cal. June 26, 2014) (quoting *In Re Exxon Valdez*, 142 F.R.D. 380, 383 (D.D.C. 1992)). Courts have also considered when apportioning a significant expense: "'(1) the scope of the discovery; (2) the invasiveness of the request; (3) the extent to which the producing party must separate responsive information from privileged or irrelevant material; and (4) the reasonableness

of the costs of production.'" *Id.* (quoting U*nited States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364, 371 n.9 (9th Cir.1982)).

Under Rule 45(d)(1), "[a] court [has discretion to] impose sanctions when a party issues a subpoena in bad faith, for an improper purpose, or in a manner inconsistent with existing law." *Id.* Rule (d)(1) sanctions may be issued when a subpoena is issued "in bad faith, for an improper purpose, or in a manner inconsistent with existing law." *Legal Voice*, 738 F.3d at 1185.

### III.    ANALYSIS

#### A.    IGT Is Not Entitled To Attorneys' Fees or Costs In Complying To The Revised Subpoena

IGT claims that it is entitled to fees under Rule 45(d) because the preparation of the subpoenaed Rule 30(b)(6) witness encompassed identifying and reviewing a significant number of documents, resulting in "significant" expense. *ECF No. 146.* Alternatively, IGT argue that it is entitled to its fees and costs as sanctions under Rule 45. IGT, however, is not entitled to attorneys' fees or costs under either Rule 45 avenue.

##### i.    Cost-Shifting Under Rule 45 Does Not Apply Because IGT Did Not Produce Any Documents When Complying To The Revised Subpoena

While IGT argues that it reviewed numerous documents to prepare for the deposition, it neither produced documents pursuant to the Revised Subpoena nor did the subpoena require IGT to do so. The plain text of Rule 45(d)(2)(B)(ii) limits cost-shifting only for "protecting a person subject to a subpoena" that provides a "command to produce materials or permit inspection." *Id.* By its own terms, Rule 45(d)(2)(B)(ii) "shifts costs for complying with <u>document</u> subpoenas, not deposition subpoenas." *Sec. & Exch. Comm'n v. Prakash*, 23-CV-03300-BLF (SVK), 2025 WL 786351, at *3 (N.D. Cal. Mar. 12, 2025) (emphasis in original).[2] IGT does not cite any case supporting its position that a non-party subject

---

[2] IGT claims that *Prakesh* does not apply here because it "solely involved a non-party deposition subpoena and there was as no document component at issue." *ECF No. 160* at 7. However, IGT also

3

to a deposition subpoena is entitled to cost-shifting because they incurred significant expenses in preparing for a deposition. Instead, IGT argues that such limitation is "an overly technical reading of the rule." ECF No. 160 at 2. IGT also argues that the Rule 45 Advisory Committee notes to the 1991 amendments state that such amendments were intended to enlarge the rule's protections[3] and thus, intended to reach deposition subpoenas. *Id.* at 3. IGT's arguments are not persuasive.

First, while IGT takes issue with reading Rule 45 too technically, it ultimately does not dispute the plain language of Rule 45(d)(2)(B)(ii) applies only to subpoenas for the production of documents, not depositions. Second, while the advisory notes to Rule 45 may provide insight in interpreting the rule, the Ninth Circuit has held that the text of the rule controls and "'the [n]otes cannot ... change the meaning that the Rules would otherwise bear.'" *In re Kirkland*, 75 F.4th 1030, 1043 (9th Cir. 2023) (*citing Tome v. United States*, 513 U.S. 150, 168, 115 S.Ct. 696 (1995)); *see also Hamilton v. Wal-Mart Stores, Inc.*, 39 F.4th 575, 590 n.7 (9th Cir. 2022) (although "Advisory Committee notes are 'of weight' in interpreting the Rules, the notes cannot add to the Rule."). Notwithstanding, IGT points to no

---

only had to comply with a deposition in the Revised Subpoena and I noted that IGT's preparation for the deposition was necessary to conduct the deposition (*see* ECF No. 121 at 20:01-20:05).

[3] In *Legal Voice*, the Ninth Circuit agreed with D.C. Circuit's notation in *Linder v. Calero–Portocarrero*, 251 F.3d 178 (D.C.Cir.2001), that the Rule 45 Advisory Committee notes to the 1991 amendments provide that such amendments were intended to enlarge the rule's protections. *Legal Voice*, 738 F.3d at 1184. However, neither *Legal Voice* nor *Linder* concluded that such intention meant enlarging the application of Rule 45(d) to deposition subpoenas. Both *Legal Voice* and *Linder* were based only on subpoenas *duces tecum* and *Linder's* conclusion was expressly limited to such context, i.e.,:

> As amended in 1991, FED.R.CIV.P. 45(c)(2)(B) provides that when a district court compels production by a non-party the court "shall protect" that person from "significant expense resulting from the inspection and copying commanded." Before the amendment, costs could be shifted, but the decision to do so was within the discretion of the district court…. As the notes to the amendment explain, the 1991 changes were intended "to enlarge the protections afforded persons who are required to assist the court." FED.R.CIV.P. 45, advisory committee notes.

*Linder*, 251 F.3d at 182 (citations omitted).

language from the Advisory Committee Notes to the Rule 45 amendments of 1991 (or any subsequent amendment) that expands the cost-shifting protection of Rule 45(d)(2)(B)(ii) to deposition subpoenas. Third, while *Legal Voice* relied on the 1991 Advisory Committee notes to interpret the cost-shifting application of Rule 45(d)(2)(B)(ii) as mandatory, it was in the context of a subpoena *duces tecum* and *Legal Voice* did not interpret such notes as changing the text of Rule 45 to expand the scope and application of Rule 45(d)(2)(B)(ii) to reach deposition subpoenas.

IGT's argument that it is entitled to all its attorney fees expended in complying with Revised Subpoena under the factors identified in *Callwave Communications* is similarly unpersuasive because those factors apply only when considering shifting the "cost of producing documents" under Rule 45. *Callwave Communications*, 2014 WL 2918218, at *3. Contextually, *Callwave Communications* further compels denial IGT's fees and costs. Similar to the subpoena here, *Callwave Communications* also dealt with blended subpoena, which required the recipient there to "testify about 13 topics and produce documents responsive to 45 requests" but applied the cost-shifting provisions of Rule 45(d) only to the "cost of producing documents" requested by the subpoena. *Callwave Communications*, 2014 WL 2918218, at *1, 3.

        **ii.**     **IGT Not Entitled to Fees and Costs As A Sanction Or For Litigating The Revised Subpoena**

Awarding attorneys' fees and costs as sanctions under Rule 45(d)(1) is discretionary. *Legal Voice*, 738 F.3d at 1185. Such sanctions may be appropriate if a subpoena is issued in bad faith, for an improper purpose, or in a manner inconsistent with existing law. *Id.* Winning a motion to quash, in whole or in part, does not expose the losing party to sanctions. *Cf. Legal Voice*, 738 F.3d at 1185 ("Merely losing a motion to compel does not expose a party to Rule 45 sanctions"). The record does not support sanctions under Rule 45(d). The Revised Subpoena was not issued in bad faith, for an improper purpose, or in a manner inconsistent with existing law.

//

I am also not persuaded to award IGT attorneys' fees and costs in litigating the Revised Subpoena, including fees in connection with its Motion. First, Rule 45 does not protect against zealous advocacy against compliance to subpoenas. *See G & E Real Estate, Inc. v. Avison Young-Washington, D.C., LLC*, 317 F.R.D. 313, 319 (D.D.C. 2016) (determining that, while a non-party has the right to vigorously and painstakingly challenge a subpoena "if it believes that doing so serves its own interests … it may not then charge Plaintiff with the costs of this effort."). Second, IGT did not prevail in its Motion. Finally, the circumstances in this case make an award of fees and expenses unjust. *See* Fed. R. Civ. P. 37(a)(5). The record shows that Rock Fuel acted in good faith relative to the Revised Subpoena. Among other things, Rock Fuel met and conferred several times with IGT to resolve disputes and narrow the subpoena and first attempted to obtain some of the information at issue from plaintiff / counter-defendant Resorts World. *See e.g.*, ECF No. 103 at 3-4. Ultimately, Resort World concurred with Rock Fuel that a deposition of IGT would be most helpful and efficient. *See* ECF No. 109 at 17-18.

## IV.  CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Plaintiff's *Motion for Attorney's Fees and Costs of Compliance* (ECF No. 146) is **DENIED**.

Dated: October 22, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge