# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Resorts World Las Vegas LLC,

       Plaintiff/Counterdefendant

v.

Rock Fuel Media, Inc.,

       Defendant/Counterclaimant

Case No.: 2:21-cv-02218-JAD-MDC

**Order Overruling Non-Party IGT's Objection and Affirming Magistrate Judge's Order[1]**

[ECF No. 165, 166]

Resorts World and Rock Fuel sue each other over Rock Fuel's allegation that Resorts World misappropriated its trade secrets when it contracted with non-party IGT to offer a sports-betting app to its clientele.[2]  Rock Fuel subpoenaed IGT for documents and a deposition and, after voluminous motion practice and three hearings, the court held that IGT didn't have to produce documents but it did need to have its witness review relevant documents before being deposed.  IGT incurred approximately $40,000 in attorneys' fees to collect and review documents in preparation for the deposition, and it asked the magistrate judge to order Rock Fuel to cover those fees, plus an additional $40,000 in fees that it incurred by challenging the subpoena, under Federal Rule of Civil Procedure (FRCP) 45(d).  The magistrate judge denied IGT's request, finding that FRCP 45(d)(2) only mandates cost-shifting to cover a non-party's costs associated with producing documents.  And because IGT did not produce documents, the magistrate judge reasoned, FRCP 45(d)(2) didn't apply.  The magistrate judge also denied IGT's

---

[1] After reviewing the parties' briefs, I find this matter appropriate for disposition without oral argument.  L.R. 78-1.

[2] I recognize that other apps and claims are also at issue in this litigation.  But because this order concerns only IGT and its involvement in discovery, I limit my discussion to issues involving IGT.

request for costs under FRCP 45(d)(1)—the provision permitting a discretionary award of fees—because Rock Fuel's conduct wasn't bad faith and the award of fees would be unjust.

IGT objects to the magistrate judge's ruling. It contends that the Ninth Circuit has broadly construed FRCP 45(d)(2) and that the magistrate judge's "overly technical" reading that excluded costs associated with preparing for a deposition is clear error. It also takes issue with the magistrate judge's discretionary decision not to award fees because the record doesn't support a finding that Rock Fuel acted in good faith. I overrule IGT's objections and affirm the magistrate judge's ruling because IGT hasn't shown that any of the magistrate judge's conclusions were clearly erroneous or contrary to law.

## Discussion

A district judge may reconsider any non-dispositive matter that has been finally determined by a magistrate judge "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[3] This standard of review "is significantly deferential" to the magistrate judge's determination.[4] A district court should overturn a magistrate judge's determination under this standard only if it has "a definite and firm conviction that a mistake [of fact] has been committed"[5] or a relevant statute, law, or rule has been omitted or misapplied.[6]

---

[3] L.R. IB 3-1(a).

[4] *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for So. Cal.*, 508 U.S. 602, 623 (1993).

[5] *Id.* (internal quotation marks omitted).

[6] *See Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 240–41 (9th Cir. 1991).

**A.    FRCP 45(d)(2)'s mandatory cost-shifting provision applies only to the production of documents, so costs incurred for deposition preparation do not qualify.**

IGT sought reimbursement of fees that it incurred when reviewing documents in preparation for IGT's witness deposition under FRCP 45(d)(2).[7]  Subsection (d) is titled "protecting a person subject to a subpoena; enforcement."  Subsection (d)(2) is titled "command to produce materials or permit inspection," and it applies to "a person commanded to produce documents or tangible things or to permit inspection" of premises.[8]  If a court order requires a person to produce documents or permit inspection, the "order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance."[9]

The magistrate denied IGT's request for attorneys' fees under FRCP 45(d)(2)(B)(ii), concluding that the plain language of the rule applies only to compliance with subpoenas to produce documents, and IGT did not produce documents in this case.[10]  IGT objects, contending that the magistrate judge applied an "overly technical" interpretation of the rule that is inconsistent with the rule's purpose: "to enlarge the protections afforded persons who are required to assist the court."[11]  It also argues that the Ninth Circuit's opinion in *Legal Voice v. Stormans Inc.*[12] requires a broader reading.[13]

---

[7] *See* ECF No. 146 at 5; ECF No. 160 at 2–3.

[8] Fed. R. Civ. P. 45(d)(2)(A), (B).

[9] Fed. R. Civ. P. 45(d)(2)(B)(ii).

[10] ECF No. 165 at 3–5.

[11] ECF No. 166 at 9 (quoting *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013)).

[12] *Legal Voice*, 738 F.3d 1178.

[13] ECF No. 166 at 9.

Neither of IGT's arguments persuades me that the magistrate judge clearly erred in holding that FRCP 45(d)(2)(B)(ii) doesn't apply to IGT's compliance with a deposition subpoena. That provision clearly applies only to subpoenas that require the production of documents. The rest of FRCP 45 recognizes that there are several different types of subpoenas. FRCP 45(a)(1)(A)(iii) lists them when explaining that "every subpoena must . . . command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises." Subsection (a)(1)(B) provides specific requirements for a subpoena to "command attendance at a deposition." If FRCP 45(d)(2) intended to also apply mandatory cost-shifting for attending a deposition, it would have said so. IGT has not shown that the magistrate judge clearly erred by giving the structure and language of the rule a technically correct interpretation.

The Ninth Circuit's opinion in *Legal Voice* doesn't persuade me that the magistrate judge's ruling was contrary to law. In *Legal Voice*, a non-party was required to comply with a subpoena to produce documents.[14] The Court held that FRCP 45(d)(2)(B)(ii) "requires the district court to shift a non-party's costs of compliance with a subpoena[] if those costs are significant."[15] The panel's language isn't precise—it refers to subpoenas generally throughout its discussion of FRCP 45(d)(2)(B)(iii)'s scope and doesn't expressly limit its ruling to a subpoena for documents. But that doesn't mean that *Legal Voice* intended to ignore the rule's limited application to "command[s] to product materials of permit inspection."[16] The *Legal*

---

[14] *Legal Voice*, 738 F.3d at 1181–82.

[15] *Id.* at 1184.

[16] Fed. R. Civ. P. 45(d)(2).

*Voice* panel didn't need to address that issue because the subpoena at issue commanded the production of documents and thus clearly invoked the rule's provisions. The magistrate judge did not err by declining to expand *Legal Voice* beyond its limited application. So because I conclude that it is not at all clear that FRCP 45(d)(2)'s rules apply to subpoenas seeking deposition testimony (and any potential document review that such testimony might require), the magistrate judge's ruling was not clearly erroneous or contrary to law, and I affirm it.

**B.      The magistrate judge didn't clearly err by exercising his discretion to deny fees under FRCP 45(d)(1).**

IGT next contends that, even if FRCP 45(d)(2)'s mandatory cost-shifting provision doesn't apply, the magistrate judge erred when he denied IGT's alternative request for fees under FRCP 45(d)(1)'s discretionary cost-shifting mechanism. That rule directs that "[a] person or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."[17] The court "must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply."[18] This rule is discretionary.[19] "Merely losing a motion to compel" or failing to narrowly tailor a subpoena does not necessarily give rise to FRCP 45(d)(1) sanctions.[20] Rather, "a court may . . . impose sanctions when a party issues a subpoena in bad faith, for an improper purpose, or in a manner inconsistent with existing law."[21]

---

[17] Fed. R. Civ. P. 45(d)(1).

[18] *Id.*

[19] *Legal Voice*, 738 F.3d at 1185.

[20] *Id.*

[21] *Id.*

5

The magistrate judge concluded that sanctions were not warranted because Rock Fuel made good-faith attempts to meet and confer with IGT about the subpoena.[22]  He also noted that Resorts World agreed that an IGT deposition was relevant and would be an efficient discovery method under these circumstances.[23]  IGT contends that the magistrate judge ignored Rock Fuel's conduct at those meet-and-confer sessions, failed to appreciate the success that IGT obtained in substantially narrowing Rock Fuel's initial subpoena request, and didn't account for the burden that IGT faced by being forced to comply.[24]  It also asserts that magistrate judge erroneously concluded that "zealous advocacy against compliance to subpoenas constitut[ed] a per se waiver of the right to reimbursement of fees and costs."[25]

I cannot conclude that the magistrate judge's discretionary decision was error.  I am familiar with the litigation history on this issue, and my review of the record reflects that Rock Fuel was acting in good faith to refine its deposition requests while working with Resorts World (who also planned to depose IGT's witness) to prevent undue burden and duplication of efforts. I also find that the magistrate judge considered the burden on IGT to comply with the subpoena when finding that shifting fees in this case would be unjust.

Nor do I credit IGT's argument that the magistrate judge erred when discussing "zealous advocacy."  IGT's argument that the magistrate judge applied a per se rule that requires denial of sanctions when the objecting party strenuously resists compliance simply finds no support in the magistrate judge's order.  The order merely stated that "Rule 45 does not protect against zealous

---

[22] ECF No. 165 at 5–6.

[23] *Id.* at 6.

[24] ECF No. 166 at 11–15.

[25] *Id.* at 12.

advocacy against compliance [with] subpoenas."[26]  IGT does not adequately explain how that sentence equates to an "outright prohibit[ion]"[27] on collecting fees if the non-party objects to a subpoena.  Rather, it appears that the magistrate judge was acknowledging that IGT vigorously defended against Rock Fuel's subpoena, perhaps implying that its defense went beyond the bounds of normal advocacy.  That reflection is not contrary to law and is a reasonable interpretation of the litigation history related to this subpoena.

Even if I were to credit IGT's contention that the magistrate judge did not consider its success at limiting the scope of the original subpoena, I cannot conclude that the failure to do so was reversible error because IGT doesn't point me to any authority saying that the judge was required to do so.  Determining whether to award sanctions is a discretionary balancing act, and the magistrate judge's order sufficiently considered the actions of the parties and the detailed record on this issue to conclude that IGT's burden in complying with the narrowed subpoena did not justify the relief it sought.  None of IGT's objections creates a definite or firm conviction that the magistrate judge's determinations relied on mistakes of fact or the erroneous application of law.  So I overrule IGT's objection and affirm the magistrate judge's order denying its motions for fees incurred litigating about and complying with Rock Fuel's subpoena.[28]

---

[26] ECF No. 165 at 6.

[27] ECF No. 166 at 12.

[28] IGT also contends that the magistrate judge should have considered alternative grounds for awarding fees, "including Fed. R. Civ. P. 26(c)(1)(B) and/or the inherent powers doctrine."  ECF No. 166 at 16.  But IGT did not raise those alternatives in its cost-shifting motion.  *See* ECF No. 146.  It instead nested those alternative grounds into the FRCP 45(d)(2) discussion in its reply.  *See* ECF No. 160 at 5–7.  The court "need not consider arguments raised for the first time in a reply brief," *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007), so it was not clear error for the magistrate judge to disregard those arguments.

**Conclusion**

IT IS THEREFORE ORDERED that non-party IGT's objection to the magistrate judge's order denying its motion for attorneys' fees **[ECF No. 166] is OVERRULED**. The magistrate judge's order **[ECF No. 165] is AFFIRMED**.

_____
U.S. District Judge Jennifer A. Dorsey
December 22, 2025