**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Resorts World Las Vegas LLC,

Plaintiff

v.

Rock Fuel Media, Inc.,

Defendant

Case No.: 2:21-cv-02218-JAD-MDC

**Order Denying Motion to Stay Adjudication of Attorneys' Fee Motion and Setting Briefing Schedule**

[ECF No. 182]

In April 2026, I granted summary judgment to Resorts World Las Vegas LLC on Rock Fuel Media, Inc.'s counterclaims for trade-secret misappropriation, breach of the parties' nondisclosure agreement, and unjust enrichment.[1] Resorts World now seeks $28,922.86 in costs[2] and $2,160,545.38 in attorneys' fees under Nevada Revised Statutes 600A.060(1) and 18.010, contending that Rock Fuel maintained its counterclaims in bad faith and without reasonable grounds.[3] Instead of responding to Resorts World's motions, Rock Fuel filed a motion to stay adjudication of the fees-and-costs issue until its Ninth Circuit appeal has been resolved.[4] Because I find that a stay would not promote judicial efficiency and Rock Fuel has not shown that it is otherwise warranted, I deny its motion. If Rock Fuel wishes to file a response to the attorneys' fees motion and an objection to the bill of costs, it must do so by November 24, 2026. Resorts World's replies will be due December 1, 2026.

[1] I later dismissed Resorts World's declaratory-judgment complaint based on the stipulation of the parties. ECF No. 173.

[2] ECF No. 175.

[3] ECF No. 176.

[4] ECF No. 182.

## Discussion

District courts retain the discretion to consider, defer, or deny without prejudice motions for attorneys' fees in cases with pending merits appeals.[5] Generally, a prompt ruling on attorneys' fees "best serves the policy against piecemeal appeals," "prevent[s] hasty consideration of post[-]judgment fee motions," and minimizes the concern that the "relevant circumstances will no longer be fresh in the mind of the district judge."[6] When evaluating whether to stay proceedings pending appeal, courts consider four factors articulated by the U.S. Supreme Court in *Nken v. Holder*: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding, and (4) where the public interest lies."[7]

**A. Rock Fuel has not shown a likelihood of success on the merits of its appeal.**

Rock Fuel has not shown that it is likely to succeed on the merits of its appeal. It argues that there are two "arguable legal issues that, if resolved in Rock Fuel's favor, will eliminate Resorts World's prevailing party status entirely."[8] First, Rock Fuel explains that in resolving the summary-judgment motion I "acknowledged an unresolved question under Nevada law regarding which party bears the burden of demonstrating that a claimed combination trade secret

---

[5] *Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983) ("The district court retained the power to award attorneys' fees after the notice of appeal from the decision on the merits had been filed.") (citations omitted); *see also* Fed. R. Civ. P. 54(d) notes of advisory committee on rules—1993 amendments ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice. . . .").

[6] *Masalosalo*, 718 F.2d at 957.

[7] *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

[8] ECF No. 182 at 10.

was not 'readily ascertainable' under NRS 600A.030(5)."[9] That statute defines a trade secret in part as information that "derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by the public or any other persons who can obtain commercial or economic value from its disclosure or use."[10] I ultimately placed the burden on Rock Fuel to show that its combination trade secret was not readily ascertainable. I determined that, while California's similar misappropriation law places the burden on the party defending a trade-secret claim, that state's law did not include the "readily ascertainable" language in its definition of a trade secret (like Nevada's law does) and thus treats the argument that a combination trade secret is readily ascertainable as an affirmative defense.[11]

Rock Fuel fails to make an argument suggesting that my burden determination was wrong and is likely to be overturned on appeal. It also fails to contend with the fact that I considered a scenario in which the burden rests with Resorts World and still found that Resorts World "has shown without genuine dispute that Rock Fuel's combination of elements was readily ascertainable."[12] So Rock Fuel has not shown a likelihood of success on appeal with respect to my interpretation of Nevada law.

Second, Rock Fuel contends that it is likely to succeed on the merits of its appellate argument that I wrongfully excluded its expert's opinion.[13] Rock Fuel's expert James Martin is a California intellectual-property lawyer with no special background in app development, casino

---

[9] *Id.*

[10] Nev. Rev. Stat. § 600A.030(5).

[11] ECF No. 170 at 21 n.84.

[12] *Id.*

[13] ECF No. 182 at 10–12.

management, sports-gaming software, or any similar fields relevant to this case. I excluded his opinion on whether Rock Fuel's app idea is a protectable trade secret, finding that he did not have specialized expertise or knowledge in the at-issue product—a casino-resort management app with gaming capabilities—to assess whether Resorts World's products relied on Rock Fuel's presentation materials. He instead "merely downloaded the Resorts World apps, compared what he saw to [Rock Fuel's] 2018 presentation materials, and concluded that they have some overlap."[14] Because any layperson could replicate that analysis, I excluded Martin's misappropriation opinions.[15]

Rock Fuel is not likely to succeed on reversing my grant of summary judgment on this basis primarily because I also made several findings independent of Martin's exclusion that, standing alone, are fatal to Rock Fuel's misappropriation claim. I concluded that Rock Fuel's trade secret didn't exist before this litigation and was not consistently or sufficiently defined,[16] its combination trade secret was not readily ascertainable,[17] and it didn't present sufficient evidence to show that Resorts World actually misappropriated that trade secret.[18] Even if Martin's opinions were improperly excluded, each of my other findings is independently fatal to Rock Fuel's claim. I thus conclude that Rock Fuel is not likely to succeed in challenging the summary-judgment conclusion on its merits.

---

[14] ECF No. 170 at 24.

[15] *Id.* at 26.

[16] *Id.* at 13–18.

[17] *Id.* at 18–22.

[18] *Id.* at 26–33.

**B. The remaining factors do not support a stay.**

Rock Fuel has not shown that the remaining stay factors support the relief it seeks, either. Rock Fuel contends that it will face irreparable harm because "requiring [it] to simultaneously oppose Resorts World's fee motion and respond to a bill of costs arising from twenty-four depositions, while also preparing its opening brief in the Ninth Circuit within the same five-week period, would place an undue and disproportionate burden on [its] limited litigation resources."[19] It reasons that, because it is a small production company and Resorts World is part of "Genting Group, one of the world's largest gaming conglomerates," staying Rock Fuel's obligation to litigate this matter would be the equitable move.[20]

I am unpersuaded by Rock Fuel's irreparable-harm arguments. Though Rock Fuel insists throughout its stay motion that the Ninth Circuit appeal is proceeding on a mandatory briefing schedule that would have required simultaneous briefing, it appears that is not the case. The Ninth Circuit docket reflects that the parties stayed briefing while they engaged in a mediation conference, and Rock Fuel asked for and received two extensions of time after that mediation was unsuccessful.[21] Its opening brief was filed on October 13, 2026 (more than three months after the initial deadline it cites in its motion), Resorts World's answering brief is due in mid-December, and an optional reply brief is due in early January. Had Rock Fuel responded to Resorts World's attorneys' fees motion by the deadline in June, it would have avoided simultaneous litigation. And Rock Fuel's opening brief has been filed, so the strain on its litigation resources is not an active issue at this time. I also don't find the economic disparity

---

[19] ECF No. 182 at 12–13.

[20] *Id.* at 13.

[21] *See Resorts World Las Vegas LLC v. Rock Fuel Media, Inc.*, Case No. 26-3100 (9th Cir.).

between the parties sufficient to show that Rock Fuel would face irreparable harm by responding to timely filed motions.

Further delaying this litigation will also harm Resorts World and will not benefit the public interest. Waiting for resolution of the merits appeal to resolve the fees motion could create two separate appeals processes that would take a substantial amount of time to conclude. That would prejudice Resorts World and would not serve judicial economy. So I find that the *Nken* factors do not support staying adjudication of Resorts World's request for attorneys' fees and costs. I thus deny Rock Fuel's stay motion and direct it to file a response to Resorts World's motion for attorneys' fees and an objection to Resorts World's bill of costs by November 20, 2026.

## Conclusion

IT IS THEREFORE ORDERED that Rock Fuel's motion to stay adjudication of Resorts World's bill of costs and motion for attorneys' fees **[ECF No. 182] is DENIED**. **If Rock Fuel wishes to file a response to the motion and an objection to the bill of costs, it must do so by November 24, 2026**. Resorts World's reply will be due December 1, 2026.

U.S. District Judge Jennifer A. Dorsey
November 10, 2026